MORGAN AND SMITH *against* DYER.

PARKER, for the defendant, moved to set aside all the proceedings in this cause, since *October* term last, on the ground of irregularity, with costs, and that the plaintiffs reply to the plea of *puis darrein continuance, &c.*

It appeared, that the defendant's attorney received a declaration in the cause, on the 9th of *August*, 1811, in debt, on a judgment, to which he pleaded *nul tiel record, &c.* A replication was received on the 9th of *September*, and the cause noticed for trial, by record, in *October* term, 1811. On the 9th of *December*, a plea *puis darrein continuance*, verified by affidavit, setting forth the discharge of the defendant under the insolvent act, dated the 24th of *September*, 1811, was sent by the defendant, and served on the plaintiffs' attorney the 1st of *January*, 1812. The plaintiffs, without taking notice of the last plea, noticed the cause for trial, by record, in *January* term last. The notice for trial was for the first *Monday* of *January*, and was received on the 28th of *December*, by the agent of the defendant's attorney, who lived 150 miles from *Albany*. Notice of taxing costs was received in *July* last, which was the first notice the defendant's attorney had of the plaintiffs' having proceeded under the issue.

*Russell*, contra, contended, that a term having intervened between the time of the discharge and the delivery of the plea *puis darrein continuance*, it was a nullity, and might be treated as such. He cited 3 *Bl. Com.* 37. 7 *Johns. Rep.* 195.

*Parker* cited 2 *Caines' Rep.* 380. 3 *Caines' Rep.* 172. 2 *Johns. Rep.* 294.

*Per Curiam.* The defendant is not too late in the application. Though the notice of trial was served on his agent, on the 28th of *December*, yet, as the plea *puis darrein continuance* had not then ant's attorney, which was the first notice he had of the plaintiff's attorney having proceeded on the issue.

It was held that the defendant was not too late, in *August* term, to apply to set aside the judgment; that the plaintiff's attorney had no right to treat the *plea puis darrein continuance* as a nullity; but should have demurred to, or taken issue on, the plea, or have applied to the court to set it aside, as not pleaded in season. Though more than one continuance has intervened, the court will allow a defendant to plead his discharge *nunc pro tunc*, on payment of costs.

In an action of debt on a judgment, the defendant pleaded *nul tiel record*, on which issue was joined, 9th *September*, 1811, and the cause noticed for trial for *October* term following, but not tried. On the 9th *December*, the defendant pleaded *puis darrein continuance*, his *discharge* under the insolvent act dated the 24th *September*, 1811, which plea was verified by affidavit, and a copy served on the plaintiff's attorney, on the 1st of *January*, 1812. The plaintiff's attorney, on the 28th *December*, 1811, served a notice for trial, by record, on the agent of the defendant's attorney, residing 150 miles from *Albany*, and in *January* term, obtained judgment, and in *July* following gave notice of taxing costs to the defendant.

been served, and was soon after served on the plaintiff's attorney, he had good reason to conclude that the plaintiffs would not proceed under their notice of trial, and especially, as his last plea (presuming it to have been well pleaded) was a waiver of his former plea in bar. The first notice he afterwards had of the plaintiffs' having proceeded, in *January* term, to trial, upon the issue of *nul tiel record*, was in *July* last. Under these circumstances, the defendant is still entitled to be heard upon the merits of his motion.

The plaintiffs were not warranted in treating the plea as a nullity. Though the discharge bore date in *September*, it might not have been actually executed: or, if executed, it might not have been delivered to the party, until after *October* term. The plea was duly verified by affidavit, and the defendant was entitled to have the goodness of the plea, both as to form and substance, referred to the judgment of the court. If the plaintiffs did not choose to demur, or take issue on the plea, the least they could have done would have been to have applied to the court, on notice, to set it aside, as was done in the cases of *Paris* v. *Salkeld*, (2 *Wils.* 137.) and of *Martin* v. *Wyvill*. (1 *Str.* 493.) In the latter case the motion was grounded on the very allegation that the plea was not pleaded since the last continuance, but after the lapse of two continuances. The decision of the court turned upon another point, but this case shows the practice; and if that course had been pursued, the defendant might very possibly have shown that the matter had arisen since the last continuance. But if not, and if in fact another continuance had intervened between a certificate of bankruptcy and the plea of it, as a plea *puis darrein continuance*, the courts in *England*, and here, have permitted the defendant to plead it *nunc pro tunc*, on payment of costs. (1 *Chitty's Plead.* 637. 2 *Johns. Rep.* 294.)

The defendant is, accordingly, entitled to his motion, except as to the costs of the application, which, under the particular circumstances of the case, are denied to either party as against the other.

Rule granted.(*a*)

(*a*) See *Bancker* v. *Ash, ante,* p. 250.