DESOBRY and another *against* MORANGE.

<div style="float:left">Where a defendant obtains his discharge under the insolvent act, after</div>

THE declaration in this cause was filed the 4th of *March* last, and a default for want of a plea entered on the 29th of

a declaration in a suit against him has been filed, he ought to plead his discharge, at or before the next term, or where no default, for want of a plea, has been entered until after the next term, at least, before the entry of a default: and if he neglect to do so, he will not be allowed, after a judgment has been perfected, to plead his discharge, *nunc pro tunc*.

*July*, on which an interlocutory judgment was entered, and notice given for executing a writ of inquiry on the 9th of *August*. Final judgment was entered on the 19th of *August*, and docketted on the 24th of *August*, and an execution issued thereon the same day.

On the 15th of *April* last, the defendant obtained his discharge under the insolvent act:

*Caines*, for the defendant, now moved for leave to plead the discharge of the defendant *puis darrein continuance, nunc pro tunc*, as of *May* term last, on payment of all the costs, which had accrued since his discharge.

*Johnson*, contra.

*Per Curiam.* The motion must be denied. The defendant has been grossly negligent in not pleading his discharge in proper season, either before or at the *May* term, or before the default for want of a plea was entered. (*a*)

Motion denied.

(*a*) Vide *Valkenburgh* v. *Dederick*, 1 *Johns. Cases*, 133. 7 *Johns. Rep.* 195. 9 *Johns. Rep.* 392.