## PALMER *against* HUTCHINS.

*When a defendant has no opportunity of pleading his discharge, under the insolvent act, puis darrien continuance, he will be relieved on motion. The last continuance is the last day of the return of the venire facias. And a plea puis, &c. cannot be interposed after a verdict or a relicta and cognovit.*

IN ASSUMPSIT.—*Silliman*, moved to set aside a *ca. sa.* upon which the defendant was arrested on the 30*th of April last.* The cause was at *issue*, and noticed for trial at the Albany Circuit, the *third day of October,* 1821 ; when a *relicta* and *cognovit* were given by the defendant, who, on the 8*th* of the same month, obtained his discharge, under the ' *act to abolish imprisonment for debt, in certain cases.*' Judgment was entered as of October term *thereafter*, pursuant to a stipulation in the *relicta.*

*W. Nelson*, contra. The defendant should have pleaded his discharge *puis darrein continuance ;* otherwise the plaintiff has no opportunity of contesting its *validity.* (*Cable* v. *Cooper*, 15 *John. R.* 152. *Merchant's Bank* v. *Moore*, 2 *John. Rep.* 294. *Post* v. *Riley*, 18 *John.* 54.) By sustaining this application, the Court give the defendant the full benefit of his discharge, without the possibility of the plaintiff's contesting it ; for it cannot be questioned on affidavit. (*Cole* v. *Stafford*, 1 *Caines*, 249, *Noble* v. *Johnson*, 9 *John. Rep.* 259.) Suppose an action upon this judgment ; could the defendant *plead* his discharge ? He does not ask for this ; and it is now too late to do it *of course.* (*Jackson* v. *Rich*, 7 *John. Rep.* 194. *Desobry* v. *Morange*, 18 *John.*

336.)    No excuse is shown for not pleading it earlier, as was done in *the Mechanick's Bank* v. *Hazard*, (9 *John. Rep.* 392.)

*Silliman*, admitted, that where the defendant has the *opportunity* of pleading his discharge, but omits to do it *in season*, he is precluded the benefit of it, unless he is afterwards *let in*, on terms, upon excusing the delay.    This is the principle of the cases cited against the application, from the 15*th*, 2*d, and* 18*th of Johnson's Reports ;* and so in the cases of *Van Valkenburgh* v. *Dederick*, (1 *John. Cas.* 133,) *Cross* v. *Hobson*, (2 *Caines*, 102,) and *Shaw* v. *Wilmerden*, (*id.* 380.) But this is clearly otherwise where the defendant has not had the chance of *pleading* his discharge. In *Billings* v. *Skutt*, (1 *John. Cas.* 105,) a judgment on bond and warrant of attorney was set aside, because the defendant had obtained his discharge *intermediate* the execution of the bond and warrant, and the entry of the judgment.    And in *Baker* v. *The Judges of Ulster County*, (4 *John. Rep.* 191,) the defendant had been discharged the *same day* that judgment was entered, and the Court relieved him from the *ca. sa.* on motion, upon the ground which we take in this cause.    It was too late to plead *puis darrein continuance*, after the *relicta* and *cognovit* given.

*Curia.*  The rule is, that where the defendant has an opportunity of *pleading* his discharge, he cannot be relieved *on motion.*   The last continuance is the last day of the return of the *venire facias*, which, in this case, was the 1*st* day of *August* term, 1821.    (*Br. Continuance*, 57.    *Bull. N. P.* 310.)(*a*)  The discharge being obtained after that day, and before the next continuance, the defendant might have pleaded it, unless prevented by the *relicta* and *cognovit.*    A plea

(*a*) *Continuance*, in the common law, is of the same signification with *prorogatio* in the civil ; as continuance till the next assize. (*Terms de la Ley, Am. ed. p.* 114.)  The continuance day is the *essoin* day ; (*Dyer*, 361, *pl.* 10,) that is, the first day of term ;  (1 *Sell. Pr.* 4.  *Walter* v. *Bould*, 1 *Bulstr.* 35, *per Hemming, C. J.*) and this is the proper return day of the writ ; (*Per. Williams, J. in Walter* v. *Bould*, 1 *Bulstr.* 35 ;) and the appearance of the jury, and the taking of the inquest shall relate to this day. (*Dyer*, 361.  *Swan* v. *Broome, Bl. Rep.* 497, *Walker, arguendo.*)

NEW-YORK,
May, 1823.

PALMER
v.
HUTCHINS.

*puis darrein continuance* cannot· be pleaded after the jury
have given their *verdict.* (*Pearson* v. *Parkins, Hill.* 3 *Geo.*
1. *Bull. N. P.* 310.) We consider the *relicta* and *cognovit*
given by the defendant, equivalent to a verdict, for the pur-
poses of the present question. The defendant, therefore, had
no opportunity of *pleading* his discharge. It is not preten-
ded but that the discharge is regular,

And the motion must·be granted.(*b*)

(*b*) In this· case the·regularity of the discharge not being *questioned*, it
was unnecessary·for the Court to say what should be done, where the plain-
tiff asks the opportunity of trying its validity on the record. It appears
from a case lately reported by *Mr. Wheeler*, in the *N. Y. Criminal Re-
corder*, that a similar question arose in the *Mayor's Court* of the City of
*New-York*, in March, 1816 ; the present able and learned Recorder being
then on the Bench, and taking a principal part in the decision. The follow-
ing is the report of that case :—

"SAMUEL MABBOTT *against* NICHOLAS VAN BEUREN.

In this case an important question arose, upon a discharge under the in-
solvent act. The defendant's default·was entered for not· pleading on the
10*th* of *October* last. On the 21*st* of *October* the defendant was discharged
under the act. On the 24*th* of *October* execution was issued against him.
The defendant being taken on·the execution, the question was, Has he any·
relief ?

RIKER, *Recorder.*—The general rule is this : If the discharge be on the
same day, or subsequent to the judgment, the Court will relieve on mo-
tion, because the defendant had no opportunity to plead his discharge *puis
darrein continuance.* The Court will not drive the insolvent to his *audita
querela.* (*Baker* v. *Judges of Ulster,* 4 *John. Rep* 191.)

If the insolvent omit to plead his discharge, the Court will not relieve
him, after he is taken in execution. (*Cross* v. *Hobson,* 2 *Caines,* 102.) It
is true, an insolvent, after a continuance has passed, has, on payment of costs,
been allowed to plead his discharge *nunc pro tunc.* (*Morgan & Smith* v.
*Dyer,* 9 *John. Rep.* 255, 256. 1 *Chitty,* 63.) This was before execution.
But what is the law where the insolvent obtains his discharge a few days
before the judgment, and too short a time to give him an opportunity to
plead it. and is taken in execution ? Reason and equity unite in this, that
there should· be relief afforded some way or other. How shall it be
done ? My opinion has been that the defendant·ought to be relieved from the
execution : that the judgment should be set aside upon payment of costs,

and that the defendant might be let in to plead his discharge. To this plea the plaintiff might reply *fraud*, and thus put in issue the legality of the discharge. This will be doing justice to both the plaintiff and defendant. The judgment might perhaps be allowed to stand as a security for the final result.

In this case the following order is made : let the defendant be discharged from imprisonment under the *ca. sa.* upon filing good special bail. Let the judgment and default be set aside, and the defendant plead his discharge as of the term next after such discharge. The plaintiff to have leave to traverse or plead to the said discharge, and the defendant to pay all the costs which have accrued from the time he so obtained the discharge.

*Phœnix*, for Defendant.
*Woodsworth*, for Plaintiff."