Sandford *v.* Sinclair.

---

## SANDFORD *vs.* SINCLAIR.

A plea *puis darrein continuance* should be pleaded on the first day of the next term after the new matter of defence arose.

But if a circuit intervenes before the term, it must be pleaded there in order to prevent a trial.

When pleaded seasonably it is matter of right and cannot be rejected either at the circuit or the term.

When offered out of time the plaintiff may refuse to receive it and the judge at the circuit may disregard it.

Where the defendant has allowed the time for putting in such a plea to elapse, though he may be relieved upon terms, he will not after a delay of three years be permitted to put in the plea *nunc pro tunc.*

And where the defendant having obtained a discharge under the bankrupt act after issue joined, refused to allow the plaintiff to discontinue without costs and successfully resisted a motion made by the plaintiff for that purpose, and then after considerable delay applied for leave to plead his discharge *puis darrein continuance;* HELD, that he had elected to abide by his first defence and was not entitled to relief.

SEVERAL suits in favor of the plaintiff, against different defendants, all turning on the same question, were depending in this court; and on the trial of one of the actions, against Halsey, in June, 1842, the plaintiff was nonsuited. A stipulation was thereupon entered into in all of the suits, of which this is one, that in case a new trial in the Halsey suit should be denied on a motion which the plaintiff proposed to make on a bill of exceptions, then the defendants in all the other suits might enter judgment, as in case of nonsuit, unless the plaintiff should bring

error. If a new trial should be granted in the Halsey suit, then the agreement was, that the causes "shall be considered as standing for trial as they now do." If a new trial should be denied in the Halsey suit, and the plaintiff should bring error, then the other causes "shall stand as they now do until the decision of the said cause of Halsey" in the court of errors.; if the judgment of the supreme court should be affirmed, then the defendants in the other suits might enter judgments as in case of nonsuit; but if the judgment should be reversed, "then the said other causes shall stand for trial as they now do."

In May term, 1843, a new trial in the Halsey suit was denied by this court; and the plaintiff brought a writ of error. On the 17th July, 1843, the defendant in this suit obtained his discharge as a bankrupt. In September following, the plaintiff addressed a note to the defendant, saying, he had heard of the discharge; that if the defendant availed himself of it in his suit, it would entitle the plaintiff to discontinue without costs; that the plaintiff was willing at once to dismiss the suit, or if the defendant would not set up his discharge, the plaintiff was content to risk the event; and that unless the defendant consented to a discontinuance, or waived his discharge, the plaintiff would move the court for leave to discontinue. The defendant consulted his counsel on the subject of the note, but returned no answer; and the plaintiff afterwards made a motion for leave to discontinue without costs, which motion was opposed by the defendant, and was denied in December, 1843, on the grounds stated in the report of the case. (6 *Hill*, 250.)

In December, 1845, the judgment of this court in the Halsey case was reversed by the court of errors. On the 1st of June last, the plaintiff noticed this cause for trial, at the Oswego circuit, which was held on the 22d day of that month. On the 19th June, the defendant filed and served a plea, purporting to be *puis darrien continuance*, setting up his bankrupt discharge; and the plea was verified by affidavit. The plaintiff refused to receive the plea; and the parties went to the circuit. The defendant there tendered another plea *puis* &c. of his discharge;

Sandford v. Sinclair.

which was verified by affidavit; but the judge refused to receive it, because it had not been pleaded in proper time. The plaintiff thereupon proceeded, the defendant not appearing, and took a verdict for $4,568,73.

*J. Cleveland & C. P. Kirkland,* for the defendant, moved to set aside the inquest for irregularity. They insisted that the plaintiff was bound to receive the plea, though pleaded out of time, and that the judge at the circuit had no discretion to reject it. They cited 1 *Chit. Pl.* 570; 5 *Taunt.* 333; 1 *Wend.* 89; 3 *T. R.* 554; 1 *Str.* 492; 2 *Wils.* 137; *Mansfield on Demr.* 87; 1 *Stark. R.* 62; 3 *Caines,* 172; 9 *John.* 250; 1 *Burrell's Pr.* 423; 9 *John.* 255; 10 *id.* 161; 19 *Wend.* 639. If the motion failed on the ground of irregularity, the defendant then asked leave to plead the discharge as of the proper time, *nunc pro tunc,* or for some other relief, upon such terms as the court should prescribe.

*N. Hill, Jr. & S. Stevens,* for the plaintiff, cited 3 *Wend.* 310; *Grah. Prac.* 296; 7 *John.* 194; 1 *Caines,* 42; 2 *Watts,* 458; 1 *Archb. Prac.* 177; *Sayer,* 268; 5 *D. & R.* 521; 3 *B. & C.* 612; 2 *Cr. & M.* 384; 2 *Roll. Ab.* 630, *pl.* 9, 10; *Yelv.* 180, *S. C.; Bull. N. P.* 309; *Com. Dig. Abatement,* I. 24; 2 *Smith's R.* 396. Several matters were stated in the papers, and urged by the counsel, against permitting the defendant now to set up his discharge. They cited 18 *John.* 336; 1 *John. Cas.* 133; 9 *John.* 592; 6 *Cowen,* 596; 1 *id.* 427.

*By the Court,* BRONSON, Ch. J. A plea *puis darrien continuance* should be pleaded on the first day of the term next after the new matter of defence arose; but if there is a circuit in the mean time, a trial can only be prevented by putting in the plea at the circuit. When the plea comes in due time, it is matter of right; and neither the court in bank, nor the judge at the circuit has any discretion to reject it. But as such pleas are often resorted to for the mere purpose of delay, the defendant is held to strict rules. If he do not plead in time, it is no longer

a matter of right, and the plaintiff may refuse to receive the plea; or, if pleaded at the circuit, the judge may in his discretion refuse to receive it, and suffer the trial to proceed. Although there are some *dicta* in the books which look the other way, we think this the only safe and proper rule.

There can be no pretence that this plea was in due time. If we say nothing of the period which elapsed between the granting of the discharge in July, 1843, and the decision of the court of errors in December last, the plea should, beyond all question, have been put in at the last January term; and yet both that, and the May term passed without any offer to plead. The plaintiff has clearly been regular; and the only remaining question is, whether the defendant should be relieved on terms.

In the consideration of this question it is proper to inquire how much delay there has been. If the defendant intended to rely on the discharge, he was clearly in default from December to the 19th of June last. But I think the discharge should have been pleaded in 1843. It is said that the defendant was precluded by the stipulation from pleading until after the decision of the court of errors was made in the Halsey case. But that is an error. The object of the stipulation was, to make the other causes abide the event of the plaintiff's motion for a new trial in the Halsey cause; and if a new trial should be denied by this court, then to abide the event in the Halsey case upon a writ of error. The parties could not have intended to preclude the defendant from pleading any new matter of defence which might arise in the mean time. True, the stipulation says, that pending the writ of error the causes "shall stand *as they now do.*" But that meant no more, than that the defendant should not proceed to judgment prior to a decision by the court of errors. The literal reading which is now urged by the defendant, would be fatal to his application when applied to another part of the stipulation. The agreement was, that if the judgment in the Halsey suit should be reversed, "then the said other causes shall stand for trial *as they now do.*" If the words "as they now do" in the one clause would preclude the defendant from pleading pending the writ of error, then the same words in the other

Sandford *v.* Sinclair.

clause will preclude him from pleading now; and this with the other causes must "stand for trial as they now do;" and not upon any different issue. But no such thing was intended. The defendant might have pleaded his discharge immediately after it was granted, and consequently he has been in default on that subject for nearly three years.

The only excuse which has been offered for this great delay is, that the defendant did not know until June last that it was necessary to plead the discharge. But I think this was not the true reason for omitting to plead; and this leads me to notice another feature in the case. By omitting to answer the plaintiff's note of September, 1843, and afterwards opposing the plaintiff's motion for leave to discontinue, without costs, the defendant virtually decided not to plead the discharge; but to take his chance of a favorable result in the Halsey cause, which would entitle him to a bill of costs amounting to three or four hundred dollars, as was stated in the papers in opposition to the plaintiff's motion. The plaintiff invited a termination of the suit on the ground of the defendant's bankruptcy, which would have given costs to neither party. But as the defendant already had the judgment of this court in his favor, and confidently expected to succeed in the court of errors, he refused, in effect, to set up his bankruptcy as a ground of defence. He elected to take the peril of an adverse decision in the Halsey suit, in preference to the loss of a large bill of costs by setting up the discharge. After making that election, the defendant ought to abide by it.

. The delay alone, as it is without a sufficient excuse, would make it necessary to deny the present motion, so far as relates to the pleading of the discharge. (*Desobry* v. *Morange,* 18 *John.* 336; *Valkenburgh* v. *Dederick,* 1 *John. Cas.* 133.) But the case is rendered much stronger against the defendant by the fact, that when invited to set up his discharge as an answer to the suit in 1843, he declined the offer in the expectation of gaining an advantage by adopting that course.

Although the motion for leave to plead the discharge must be denied, yet as the defendant thought the plaintiff was irregular

in proceeding at the late circuit, and for that reason omitted to set up what he deems a good defence on the merits, independent of the discharge, we think the verdict should be set aside on payment of costs. But in that case, the plaintiff may discontinue without costs, if he shall so elect.

Ordered accordingly.