## SUPREME COURT.

### HOUGHTON agt. SKINNER AND EMERSON.

An answer in the nature of a plea *puis darrien continuance,* will not be allowed after two trials, where the defendant had knowledge of the facts before answering in the cause.

*Essex Special Term, March* 1850. This was a motion for leave to plead a former judgment against a codefendant. The suit was on a joint and several promissory note, and the attorney for plaintiff and defendants stipulated that the plaintiff might take and perfect judgment in the action against Emerson alone for the amount of the debt claimed in the complaint and costs; leaving the liability of the defendant Skinner, in this action to be deter-

Houghton agt. Skinner and Emerson.

nined on the trial thereof. After this stipulation the plaintiff entered up judgment against Emerson, and issued a fi. fa., which was returned nulla bona. After judgment against E., Skinner put in an amended answer. The cause was tried between the plaintiff and Skinner, and the last time, at the last February Franklin circuit, where the plaintiff had a verdict. Skinner now moves for leave to amend his answer by pleading the judgment against Emerson in bar. The defendent S. it was said was a surety for E.

B. POND, *for the Motion.*

A. B. PARMELEE, *Contra.*

HAND, Justice.—The defendant contends that bringing a suit against both makers of the note, is an election to treat it as joint, and therefore a judgment against one defendant is a bar. Also, that there can be but one judgment in a suit, particularly upon a joint contract (Pierce v. Kearney, 5 *Hill*, 82; Moss v. McCulloch, *id.*, 131). On the other hand, not only is the effect of this judgment denied, but it is insisted that the answer proposed to be put in, is in the nature of a plea *puis darrien continuance*, and that such a plea is never allowed after verdict (Palmer v. Hutchins, 1 *Cow.*, 42). The Code, it is true, gives great latitude of discretion as to amendments (§ 173, 177). But there must be some limit; and the old rules are safe guides and should be followed in this exercise of discretion, unless some very special reasons render their application unjust. No doubt this plea can not be put in as a matter of right after verdict (2 *Tidd's Pr.* 775: 1 *Paine & Duer's Pr.* 508; 1 *Burr. Pr.* 423). Nor can this case be brought under § 177 of the Code, for the defendant knew of this judgment against E. before he put in his last answer.

In Palmer v. Hutchins, the party was relieved on motion, where he had had no opportunity to plead his discharge. But here, the defence which the defendant now wishes to interpose, was well known to the defendant before issue joined, and there have been two trials since. If it be a defence, which it is unnecessary now to decide, still I think we should adhere to the old rule in such cases. Motion denied, with $7 costs.