The order appealed from should be affirmed, with $10 costs.

DALY, F. J., and HILTON, J., concurred.

---

## MOREL *a.* GARELLY.

*New York Common Pleas; General Term, July,* 1863.

### SUPPLEMENTAL ANSWER.—FALSE PLEA.—FOREIGN DISCHARGE IN BANKRUPTCY.

Any defence which a party could have pleaded *puis darrien continuance* as a matter of strict right, should be allowed to be set up by supplemental answer.

But, if the defendant is guilty of laches, it is in the discretion of the court to refuse to receive the plea.

To entitle the defendant to put in a supplemental answer as a matter of right, the proposed plea must be true, and contain a good defence.

The truth of the answer may be inquired into on a motion for leave to interpose it.

Thus, a supplemental answer, setting up that defendant had been discharged in bankruptcy by a French tribunal, and that plaintiff had joined in the concordat, when, in fact, plaintiff had not so joined,—*Held,* inadmissible.

Appeal from an order refusing leave to put in a supplemental answer.

This action was brought by John B. Morel against Garelly, Baare, and Geer, to recover a debt contracted in France. After answer, defendants were discharged by bankruptcy proceedings in France, which discharge they moved to set up by supplemental answer. The proposed supplemental answer set up that the defendants were declared bankrupts by the Tribunal of Commerce, at Paris, and that a concordat was made between them and their creditors, and confirmed by the court, whereby

the defendants were released from 85 per cent. of their debts, and were to pay the balance, 15 per cent., by a time named, and Garelly was to pay an additional 10 per cent. The concordat was set out in full in the answer. The motion was denied, on the ground that it did not appear that the plaintiff participated in the said proceedings so as to be bound thereby, granting leave to renew. The proposed answer alleged that he did. The defendants appealed.

*C. Bainbridge Smith,* for the appellants.—I. The motion was made with due diligence, and it was matter of right, not discretion, to have it granted. (Drought *a.* Curtiss, 8 *How. Pr.,* 56.) It was not denied as discretionary.

II. Whether the concordat binds non-participating creditors, supposing the plaintiff is such, should not have been decided on the motion, nor should the fact of his participation been so decided.

III. The concordat purports to bind all the creditors, signing and non-signing, and the plaintiff is amenable to its operation. By article 516 of the French Code, it is made obligatory on all creditors. In Bonaffe's Case (33 *Barb.,* 474; 23 *N. Y.,* 169), the effect of a concordat as to non-participating creditors was discussed, but not decided. The opinions of the judges were manifestly that it bound all creditors resident in France. In the Court of Appeals (23 *N. Y.,* 182), DAVIES, J., discussed the effect of the concordat, and was of opinion that the debtors were not discharged. Two judges concurred (*Ib.,* 191), without expressing any opinion as to the effect of the concordat as to the future accumulations of the debtor, but on the ground that it did not impair the right of creditors to share in the proceeds of the then existing property. Two other judges concurred, but whether with DAVIES, J., or with the other two judges, is not stated, and three judges dissented. It is submitted, 1st, that the concordat is a bar; and, 2d, if the court are not satisfied that it is, yet it is a proper question to be tried, and the motion should have been granted.

*Charles Wehle,* for the respondent.—I. The order is not appealable, it being entirely in the discretion of the court. (Thompson *a.* Starkweather, 2 *Code R.,* 41.) The defendant

Morel *a.* Garelly.

has not a right to what a court has a discretion to grant or withhold. (Tallman *a.* Hinman, 10 *How. Pr.*, 89.)

II. The character of the original, and of part of the proposed answer being sham, is sufficient ground for the denial of motion; as, also, the fact that, if granted, the plaintiff's commission and most of his previous proceedings would be in vain, and that a new commission would be necessary.

III. The affidavits show conclusively that the proposed answer was untrue.

IV. If bankruptcy proceedings in France have the same effect as those in England, it would not operate as a discharge in this case, the debtors being citizens of the United States. (Matter of Bonaffe, 23 *N. Y.*, 185.)

V. The Court of Appeals have decided, in the above case, that French bankruptcy proceedings have no such effect; and, in that opinion, DAVIES, COMSTOCK, SELDEN, DENIO, and MASON concurred. (23 *N. Y.*, 191.)

By THE COURT.—BRADY, J.—Any defence which a party could have pleaded *puis darrien continuance* as a matter of strict right, he should be allowed to set up by supplemental answer. (*Code*, §§ 177, 469; Shawe *a.* Wilmerden, 2 *Cai.*, 380; Broome *a.* Beardsley, 3 *Ib.*, 172; Hoyt *a.* Sheldon, 4 *Abbotts' Pr.*, 59; affirming S. C., 6 *Duer*, 661; Sandford *a.* Sinclair, 3 *Den.*, 269.)

If the defendant be guilty of laches, it is in the discretion of the court to receive the plea or not. (Morgan *a.* Dyer, 9 *Johns.*, 255; 10 *Ib.*, 161; Ludlow *a.* McCrea, 1 *Wend.*, 228. See, also, Merchants' Bank *a.* Morse, 2 *Johns.*, 294; Tuffs *a.* Gibbons, 19 *Wend.*, 639; Hoyt *a.* Sheldon, 4 *Abbotts' Pr.*, 59; Sandford *a.* Sinclair, 3 *Den.*, 269.)

And a defendant has been permitted to plead his discharge *puis* after the time limited. (Shawe *a.* Wilmerden, 2 *Cai.*, 380. See, also, Sandford *a.* Sinclair, *supra.*)

But the plea should be true, and contain a good defence. The concordat set up in the supplemental answer bound the creditors in France, and, I think, all creditors who participated in it. When the latter circumstance occurs, it assumes the form, or becomes endowed with the attributes of a composition-deed, and as such, of course, binds the creditors joining. Assuming this to be so, and that the plea, if true, was an answer

to the plaintiff's claim, yet an application to set it up is required under the new system of pleading, and on that application there is no reason why the truth of the plea should not be inquired into. If the answer was put in as matter of course, it could be stricken out as sham, if false; and to anticipate such a motion, when leave is asked to place the answer upon the record, is to further the administration of justice, not to delay it. The judge at special term was satisfied that the answer was false, and for that reason denied the application to put it in. In this he appears to have acted properly, and the order appealed from should be affirmed.

DALY, F. J., and HILTON, J., concurred.