MORTIMER J. MONROE, Appellant, *v.* WILLARD UPTON et al., Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

In an action upon a contract for the recovery of damages for an alleged breach, a trial was had and a decision rendered in favor of the plaintiff, and judgment ordered thereupon. Before the trial and decision a petition in bankruptcy was filed by the defendant, and, after the actual entry of the judgment, defendant obtained his discharge in the bankruptcy proceedings. *Held*, that the defendant was discharged from the judgment by the discharge in bankruptcy.

The defendant, having had no opportunity to plead his discharge in the action, a motion to set aside an execution issued upon the jugment, and for a perpetual stay thereof, was his proper remedy.

APPEAL from order of Special Term setting aside execution and ordering a perpetual stay thereof. The facts appear in the opinion.

*Rowley & Parker*, for the appellant.

*D. C. Hyde*, for the respondents.

Present—MULLIN, P. J. ; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was upon a contract for the recovery of damages for an alleged breach. The action was tried by the court without a jury at the Monroe circuit, October 7th, 1867, and there was a finding and decision in favor of the plaintiff, and judgment ordered for $1,157.56. Judgment was not entered in the action until January 20th, 1868. On the 26th of November, 1867, the defendant filed his petition in bankruptcy, and was adjudged a bankrupt on the 5th of December following. On the 10th of July, 1868, the defendant obtained his discharge in the usual form. The execution in question was issued on the judgment June 1st, 1871.

As the defendant had no opportunity to plead his discharge in the action, his only mode of relief is by a motion of this kind. (*Palmer* v. *Hutchins*, 1 Cow., 42 ; *Baker* v. *Taylor*, id., 165 ; *Cornell* v. *Dakin*, 38 N. Y., 253.) The only question, therefore, is whether the discharge in bankruptcy had the effect to discharge the defendant from the judgment. This precise point has been twice decided in this State on mature deliberation, and it was held in each case that the judgment was discharged when the demand on which it was founded was provable in the proceedings in bankruptcy. (*Dresser* v. *Brooks*, 3 Barb., 429; *Clark* v. *Rowling*, 3 N. Y., 216.) In each of these cases judgment had been entered intermediate the filing of the petition in bankruptcy and the discharge,

as in the case before us.   There can be no doubt that the claim on which the plaintiff's judgment was founded was provable in the bankruptcy proceedings.   It arose upon contract, and the action was to recover damages unliquidated. But such claims are provable, as we understand the bankrupt act; but however this may be, the claim here had been liquidated, and the amount ascertained and determined by the decision of the court, before the petition in bankruptcy was filed. The defendant might, doubtless, have stayed the proceedings in the action, and prevented the entry of the judgment on the decision; but his neglect to do so does not affect the operation of the discharge upon the judgment.   If the judgment is discharged by the discharge in bankruptcy, it cannot be enforced by execution.

The order was, therefore, right, and must be affirmed, with ten dollars costs of the appeal.

Order affirmed.