## KLOEPPING AND WIFE ADS. STELLMACHER.

1. When a summons in ejectment has been issued to the sheriff, and placed in his hands, it may be served by any person, by direction of the sheriff, without any formal deputation in writing.
2. An affidavit of the time and manner of service of a summons in ejectment is required, whether the service be made by the sheriff or a third person.
3. If it be shown by depositions, taken under a rule of court, that the service of a summons in ejectment was in conformity to the law, and that the defendant had notice of the suit and its object, a judgment by default will not be vacated, although the writ was returned without an affidavit of service, but an amendment will be permitted by filing an affidavit *nunc pro tunc*, if it appear that the defendant has no defence.

4. A decree of the Court of Chancery, that a sheriff's deed should become void, and the purchaser reconvey on the payment to him of a certain sum within a specified time, is 1 ot such a decree as becomes a conveyance by force of the fifty-sixth section of the chancery act; and an unaccepted tender of the sum named, after the day fixed, and after ejectment brought to recovery possession under the deed, will not extinguish the deed as a security, and enable the defendant to defend under the decree.

On application to open a judgment by default.

Argued at November Term, 1872, before Justices Wood-hull, Depue and Van Syckel.

For the motion, *S. B. Ransom.*

Contra, *F. B. Ogden.*

The opinion of the court was delivered by

Depue, J.   The summons in ejectment was issued on the 18th of December, 1871, returnable on the 22d of the same month, and was put in the hands of the sheriff of Hudson for service.   The day for the return was altered by the sheriff, to suit his convenience, to the 29th of December. The writ was served on the defendants on the 18th of December, and is returned with an endorsement, "duly served on both defendants, personally, December 18th, 1871," signed by the sheriff.   The writ was not served by the sheriff, but by one Hugh O. Johnson, who claims to have been specially deputized by the sheriff to serve the writ. The declaration was filed on the 25th of January, 1872, judgment was entered for want of a plea, and a writ of *habere facias* issued thereon, which was executed on the 31st of the same month, by putting the plaintiff in possession.

Application is now made to set aside the judgment as irregularly entered, and for an order of restitution; and, failing in such application, to open the judgment for the purpose of letting in a defence.

The irregularities relied on are, the alteration in the return

day named in the writ, as originally issued, and the service of the summons by a person not legally authorized to make such service.

The alteration in the summons was made without the knowledge of the plaintiff's attorney. The practice of sheriffs in changing the return day to suit their convenience in making service, is one of long standing, and in many cases is necessary to enable the sheriff to obtain service of the writ. Such alterations do not avoid the writ for irregularity. *Crowther* v. *Wheat*, 8 *Mod.* 243 ; *Sloan* v. *Wattles*, 13 *J. R.* 158 ; *Sullivan* v. *Alexander*, 18 *J. R.* 3; 1 *Cow.* 42, *n.*

Whatever effect the want of consent by the attorney to the alteration might have, in an action brought by the plaintiff against the sheriff for failure to promptly serve the process, it will not avoid it as in favor of the defendant, if the plaintiff's attorney adopts the writ as served.

The authority of the person by whom the service was made was merely by parol. No deputation in writing was endorsed upon the writ. By the common law, the appointment of a bailiff of a liberty with general authority to serve and return writs, was required to be in writing and under seal. *Carr* v. *Donne*, 2 *Ventris* 193 ; *Hamon* v. *Lord Jermyn*, 1 *Lord Raym.* 189.

But the sheriff might authorize his servant or bailiff to execute any particular writ, either by delivering him the writ with a verbal command, without any precept in writing; or by a warrant in writing. *Keilway* 86 ; *Sewell on Sheriffs* 103.

In practice, the usual course was for the sheriff to deliver the writ to the bailiff, with an endorsement of the name of the bailiff upon it, or to execute a special warrant to him for that purpose. The production of the writ with such an endorsement was held sufficient evidence of authority to hold the sheriff for the acts of the bailiff. *Francis* v. *Neave*, 3 *B. & B.* 26 ; *Scott* v. *Marshall*, 2 *C. & J.* 238.

In this state the practice has been to endorse a deputation in writing on the writ. Whether the service of a writ in ordinary cases by a special deputy under a verbal authority

would be sustained, it is not necessary to decide. The protection of sheriffs from the assumption of third persons to act in their names, as well as the safety of parties from the illegal acts of persons having no official character, would require that the authority of such persons to discharge the official duties of the sheriff should be in writing.

But whatever be the correct practice with respect to the service of ordinary process, the mode of serving process in actions of ejectment, is peculiar to that action. Before the practice act of 1855, the declaration in ejectment was the commencement of the action, and might be served by any person, even by the lessor himself. *Den* v. *Fen,* 5 *Halst.* 237.

By the forty-seventh section of the act referred to, all fictions in actions of ejectment were abolished, and it was provided that thereafter the action should be commenced by summons, in the name of the person claiming the premises, as plaintiff, and against the tenant in possession, as defendant. *Nix. Dig.* 739, § 167.*

The form of the summons, as given in the schedule annexed to the act, contains a direction to the sheriff of the county, as in cases of writs in personal actions, which implies that the writ should go into the sheriff's hands. *Nix. Dig.* 746.† The only provision for the mode of service, is that contained in the section referred to, in which it is prescribed that the summons shall be served in the same manner as declarations in ejectment had theretofore been served. When the summons has been issued to the sheriff, and placed in his hands, it may be served by any person with his privity and consent, without a formal deputation in writing. Whether the service be made by the sheriff or a third person, the summons must be returned with an affidavit of the time when, and manner in which, the service was made. That such affidavit is still necessary, is obvious from the fact that no mode of returning the writ is substituted for the former practice, with respect to declarations in ejectment; and the fifty-fourth

---

* *Rev.,* p. 326, §§ 1, 23.   † *Rev.,* p. 333.

section, in direct terms, recognizes the necessity of an affidavit to the return.

In this case no affidavit was filed; but it appears by the depositions taken under a rule of the court, that the summons was served in precise conformity to the law; and that the defendants had actual notice of the suit and its object. In this respect, the case differs from *Den* v. *Fen,* 5 *Halst.* 237. Under the circumstances, an amendment would have been allowed if a motion had been made to set aside the writ for a defective return. *Derrickson* v. *White,* 3 *Vroom* 137.

The amendment may still be made, although judgment has been entered, or at least the aid of the court, in opening the judgment, be denied.

In disposing of this application, the court will be controlled by the consideration, whether the defendants have any legal defence to the action.

The facts in the case are these. The premises were originally the property of the defendants, and were sold at sheriff's sale by virtue of an execution against them. The plaintiff having obtained a deed from the sheriff, a bill was filed in the Court of Chancery by the defendants to have the deed set aside, on the ground that the sale was fraudulently obtained. By a decree dated the 23d of September, 1871, the Chancellor decreed that upon payment to the plaintiff of a certain sum of money, which represented the purchase money paid to the sheriff, and expenditures for taxes, repairs, and the discharge of other liens upon the premises, together with taxed costs, within sixty days from the date of the decree, the sheriff's deed should be declared void, and that the plaintiff should reconvey. *Kloepping and Wife* v. *Stellmacher,* 6 *C. E. Green* 328. A tender was not made within the time specified in the decree; in fact, no effort was made to make a tender until the succeeding February, which was after this suit was commenced.

The decree of the Chancellor was not such as became a conveyance by force of the fifty-sixth section of the chancery act. *Nix. Dig.* 112.*   Its effect, construing it most favorably for

---

* *Rev.,* p. 115, § 63.

the defendant, was to declare the sheriff's deed to be a mortgage, and to designate a time within which redemption might be made. A tender of the money to be paid on redemption within the time limited, might possibly have operated to extinguish the lien of the deed as a mortgage, and thus have opened the way for a defence to an action of ejectment in a court of law. But an unaccepted tender made after the prescribed time, cannot, in law, have such effect. *Shields* v. *Lozear*, 5 *Vroom* 496.

The relief of the defendants (if any) must be sought in the Court of Chancery, on an application for an enlargement of the time for redemption. In such proceedings equities that have arisen since the default may be considered, and, if redemption is there obtained, restitution may be had by the process of that court. *Shields* v. *Lozear*.

The judgment is erroneous in including taxed costs. *Nix. Dig.* 740, § 174.* To that extent let it be set aside, and a rule be entered for the amendment of the return by filing, *nunc pro tunc*, the proper affidavit of service.

The rule to show cause is discharged without costs.

CITED in *Meyer* v. *Bishop*, 12 *C. E. Gr.* 141.