ALICE M. BARROWCLIFFE, Respondent, *v.* HENRY CUM-
MINS *et al.*, Appellants.

*N. Y. Supreme Court, First Department, General Term, July 9, 1889.*

*Pleading. Supplemental answer.*—A motion for leave to interpose a sup-
plemental answer in an action brought by an assignee to recover
the possession of certain shares of stock, setting up, in bar of the
present action a judgment rendered in an action brought by the
assignor against the same defendant to recover shares of the
same stock, is properly denied, where the transfer was made prior
to the commencement of the assignor's action.

Appeal from an order denying a motion for leave to serve
a supplemental answer.

*John Cummins* (*J. Warren Lawton*, of counsel), for ap-
pellants.

*Edward P. Wilder*, for respondent.

BARTLETT, J.—The defendants sought to interpose a sup-
plemental answer alleging the rendition of a judgment after
the commencement of this action, which determined the
matters in controversy between the parties to this suit, or
a portion of such matters. In opposition to the motion, the
judgment roll in the action referred to in the proposed sup-
plemental answer was produced and read, and the applica-
tion was denied, for the reason that the issues involved
in the other case were not the same as those involved
herein, and because there was no such privity between the
plaintiff in that case, and the plaintiff in this as would make
that judgment binding herein.

This action is brought to recover the possession of 700
shares of capital stock of the Electro-Graphic Manufactur-
ing Company, together with certain dividends paid thereon.
The plaintiff derives such title as she has to this stock from

one Charles B. Hall. The judgment which the defendants seek to set up by way of supplemental answer, was rendered in a suit against them by Hall; and in his complaint in that suit Hall expressly alleges that before the commencement of that action he assigned and transferred to Alice M. Barrowcliffe 700 shares of the stock of the Electro-Graphic Manufacturing Company. From this allegation it is evident therefore, that the plaintiff in the present action acquired her title to the 700 shares of stock which constitute the subject-matter of this litigation before the beginning of the suit wherein the judgment was rendered of which the defendants now desire to avail themselves as a bar. Under these circumstances it is impossible to perceive any theory on which that judgment can be deemed binding upon the present plaintiff, or can be held to affect her rights. If Hall had transferred his interest in the stock to her, subsequent to the rendition of a judgment in a suit between him and the defendants, which judgment had established some rights in such stock on the part of the defendants, this plaintiff would perhaps have taken the stock subject to those rights; but she cannot be affected by any adjudication, with reference to the stock in a suit instituted by her assignor after he had wholly parted with his interest therein.

It being thus apparent that the judgment, even if pleaded by way of supplemental answer could avail nothing to the defendants, their motion was properly denied, and the order denying it should be affirmed, with costs and disbursements.

VAN BRUNT, Ch. J., and BRADY, J., concur.