(11 Misc. Rep. 394.)

## PURDY v. MANHATTAN RY. CO. et al.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

PLEADING—SUPPLEMENTAL ANSWER.

> In a proceeding by an elevated railroad company to condemn the easements appurtenant to certain premises, plaintiff, the owner, in order to obtain a review of the award (Laws 1850, c. 140, § 18), stipulated that the company's possession of the easements should not be disturbed. The stipulation was made after the owner had sued the company for the injuries to her premises caused by the construction and operation of the road. *Held*, that a proposed supplemental answer in such action, setting up the stipulation, would not be denied on the ground that it was frivolous, or did not present a doubtful question, since it is debatable whether the effect of such stipulation is limited to the pendency of the appeal, or whether it is continuing; also whether, if continuing, it would operate to deprive plaintiff of her property without just compensation; and also whether plaintiff's action could be viewed as a disturbance of the defendant's possession of the easements.

Appeal from special term.

Action by Elvira Purdy against the Manhattan Railway Company and another. From an order denying defendants' motion for leave to serve a supplemental answer, setting up matter of defense arising during the pendency of the action, defendants appeal. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Julien T. Davies and Arthur O. Townsend, for appellants.

Samuel G. Adams, for respondent.

BISCHOFF, J.   This is an appeal from an order denying defend-ants' motion for leave to set up by supplemental answer the defense that subsequent to the commencement of the action the plaintiff had entered into a stipulation that the defendants' possession of the easements in suit should not be disturbed, this stipulation having been given by the plaintiff, in accordance with the provisions of the general railroad act (Laws 1850, c. 140, § 18; Rev. St. [8th Ed.] p. 1745), upon her appeal to the general term of the supreme court from an award of commissioners in condemnation proceedings which had been instituted by the defendants for the purpose of acquiring such easements, the above statute requiring that such a stipulation be en-tered into as a condition to the hearing of an appeal so taken.   This stipulation, as appears from the proposed supplemental pleading, was given on the 2d day of January, 1894, and filed with the clerk of the general term of the supreme court on the 5th day of January, 1894.   On the 16th day of February an order was made by that general term permitting this plaintiff, the appellant in that proceed-ing, to annex the stipulation to the printed papers upon the appeal then pending.   From the record before us it appears that on this same day an order was entered reversing the award appealed from, and ordering a new appraisal.   27 N. Y. Supp. 756.   Under section 544 of the Code, the right to serve a supplemental pleading is not to be withheld where timely asserted, unless it be shown that the ob-ject of the application is to obtain delay, or is not otherwise in good faith, or unless the proposed pleading is manifestly frivolous (Wil-liams v. Hays [Sup.] 5 N. Y. Supp. 667; Mitchell v. Allen, 25 Hun, 543), or does not present a doubtful question (Morel v. Garelly, 16 Abb. Pr. 269; Lyon v. Isett, 34 N. Y. Super. Ct. 41; Tifft v. Bloom-berg, 49 N. Y. Super. Ct. 323).   Where a supplemental answer can-not be a bar, it will not be allowed (Ratzer v Ratzer, 2 Abb. N. C. 461); but, when there is some doubt as to the question, it should not be determined upon the motion for leave to serve the pleading, but upon the trial (Hoyt v. Sheldon, 4 Abb. Pr. 59).   It appearing that the appeal from the award of the commissioners resulted in the setting aside of the award, the question arises with regard to the construction of the statute, requiring the filing of the stipula-tion noted as a condition to the hearing of the appeal, for the pur-pose of determining whether the intention of the legislature was to limit the effect of the stipulation to the pendency of the appeal, or whether its effect is to be viewed as absolute and continuing.   As-suming the stipulation to be absolute, a further question would arise as to whether the requirement that it be given would be, in effect, the depriving an appellant of his property without making just compensation, the requirement dealing only with the "possession," and the act providing for a new appraisal in the event of the re-versal of an award upon appeal.   Beyond this there is a question as to whether the plaintiff's action for damages and alternative in-junctive relief may or may not be viewed as a disturbance of the de-fendants' possession of the easements in suit.   The motion could not, therefore, have been properly denied upon the ground that the supplemental answer was frivolous, or that it did not raise a doubt-

ful question, and it does not appear from the papers that there was bad faith upon the part of the defendants in making the application. Nor do we think that the defendants were guilty of laches in making this motion. True, the stipulation was filed on January 5, 1894, and the motion was made on April 18th, but the final order of the supreme court reversing the award of the commissioners was not made until February 16th, and the question with regard to the absolute effect of the stipulation could not be fairly presented until that time. We do not consider that the facts shown called for a denial of the motion upon this ground, and, moreover, no point was made upon the hearing below as to the defendants' failure to move immediately u; on the determination of the appeal by the supreme court, the motion being opposed upon the ground that defendants had failed theretofore to set up the pendency of the condemnation proceedings, which fact could not be of significance to the question then presented. We conclude that the defendants should be permitted to set up by supplemental answer the matter thus sought to be alleged, upon payment of $25 costs. Order reversed, without costs, and permission accorded to defendants as above.