of the account of Albert Demarest with the ship and its owners. Nothing whatever has been heard of Albert Demarest by any of his relatives since 1864. The department of state in the United States has certified that in 1864, at the date of the vice consul's letter above referred to, W. Seabury Coffin, who signed that letter, was vice consul of the United States at Callao, and in charge of the office there. On these facts, we have no doubt whatever that Albert Demarest, the son of Albert A. Demarest, and the brother of these plaintiffs, died in December, 1864. The proof upon that subject is convincing, and authorizes us to conclude that he died unmarried and without issue. Each case of this character must stand upon its own facts. We are not indulging here in a presumption of death, but upon what we consider to be ample proof of the fact of death. That event occurred over 37 years ago. No one has ever come forward to assert a claim to the interest which he derived in the real estate under his father's will. The mere possibility that while he was on this whaling voyage in the Pacific, being attached to the ship from 1860 to November, 1864, when he was discharged at Arica, in South America, he might have married at some port and might have had issue, is so remote and unreasonable a conjecture that it should not be allowed as an objection to title to real estate. If the existence of an alleged fact is a possibility merely, or a supposed outstanding right depends upon a very improbable and remote contingency, the court has the discretion to compel a purchaser to complete his purchase. Ferry v. Sampson, 112 N. Y. 418, 20 N. E. 387. This case is free from reasonable doubt, and we are of the opinion that the discretion, if it be a matter of discretion, should be exercised to compel the purchaser to take the title.

Judgment is directed on the submission for the plaintiffs, without costs. All concur.

---

### DIEHL v. BECK et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

PLEADING—SUPPLEMENTAL ANSWER—FILING—DENIAL.

A motion for leave to serve a supplemental answer was properly denied, where the proposed pleading was not filed with the motion.

Appeal from special term, New York county.

Action by Balthasar Diehl against David Beck and another. From an order denying defendant's motion for leave to serve a supplemental answer, he appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Jacob Rieger, for appellants.
Frank Barker, for respondent.

PER CURIAM. The defendant neglected to serve with his motion papers the proposed pleading, and this, among others, may have been the reason for the denial of the motion. Order affirmed, with $10 costs and disbursements.