(56 Misc. Rep. 328.)

### JONES v. GOULD et al.

(Supreme Court, Special Term, New York County. November, 1907.)

1. PLEADING—SUPPLEMENTAL ANSWER—WHEN ALLOWED.

Defendant moved for leave to serve a supplemental answer, alleging that after action brought a judgment had been entered in the Supreme Court for plaintiff against defendants in another action, brought after the present action on the same cause of action and praying for the same relief, and that the judgment was unreversed and a bar to the action. *Held*, that the motion would be granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 787.]

2. SAME—PROCEDURE.

Where a party moves for leave to serve a supplemental answer, and annexes an affidavit to the motion papers of what is alleged to be the proposed supplemental answer, it is sufficient, if the order to show cause is for leave to serve a supplemental answer "substantially in the form of" that annexed to the moving papers.

Action by John S. Jones against George J. Gould and others. Application for leave to serve supplemental answer. Granted.

See 105 N. Y. Supp. 1123.

David McClure, for plaintiff.
Pierce & Greer (Rush Taggart, of counsel), for George J. Gould.

FITZGERALD, J. This is an application for leave to serve a supplemental answer. The answer which it is desired to serve alleges that since the institution of the above-entitled action a judgment has been entered in this court in favor of the plaintiff against the defendants in another action instituted in this court subsequent to the above-entitled action between the same parties and upon the same alleged transaction and praying for the same relief, which said judgment stands unreversed and unmodified and is a bar to this action and to the prosecution thereof. While it is true, as was held in Ratzer v. Ratzer, 2 Abb. N. C. 461, and Groshon v. Lyon, 16 Barb. 461, that where there are two proceedings pending between the same parties for the same cause of action the pendency of the proceeding first com-

menced is a defense to the one last commenced, and that in such a case leave to file a supplemental answer in the action first commenced will not be granted where the matter proposed to be pleaded, being a decision in the second action, cannot be a bar to the first action, and while upon a motion for leave to serve a supplemental answer the court will follow the course pursued in Barrowcliffe v. Cummins, 53 Hun, 636, 6 N. Y. Supp. 228, by determining, after an examination of the pleadings and issues, the question of law whether the matter adjudicated in the case which has been tried is the identical matter which will be determined in the case to be tried, yet in cases of doubt, where the decision or judgment in the second action may be a bar to the first action, the court should not deny the right to serve a supplemental pleading setting up such decision or judgment, but should permit the same, leaving the matter for determination by the trial court. As was said in Purdy v. Manhattan R. Co., 11 Misc. Rep. 394, 395, 32 N. Y. Supp. 275:

"Under section 544 of the Code the right to serve a supplemental pleading is not to be withheld, where timely asserted, unless it be shown that the object of the application is to obtain delay, or is not otherwise in good faith, or unless the proposed pleading is manifestly frivolous (Williams v. Hays, 53 Hun, 630, 5 N. Y. Supp. 667; Mitchell v. Allen, 25 Hun, 543), or does not present a doubtful question (Morel v. Garelly, 16 Abb. Prac. 269; Lyon v. Isett, 34 N. Y. Super. Ct. 41; Tifft v. Bloomberg, 49 N. Y. Super. Ct. 323). Where a supplemental answer cannot be a bar, it will not be allowed (Ratzer v. Ratzer, 2 Abb. N. C. 461); but when there is some doubt as to the question it should not be determined upon the motion for leave to serve the pleading, but upon the trial (Hoyt v. Sheldon, 4 Abb. Prac. 59)."

In the case last cited it was held that where it cannot well be decided, except upon a hearing of the whole case, whether, as between the parties to the action, it would be inequitable to give effect to the defense desired to be pleaded, if proved, and the court is competent to dispose of that question at the hearing as may be just, a supplemental answer will be allowed. The court said in that case, with respect to a release which the defendant desired to plead, that:

"To deny this application is to prejudge the question as to the legal effect of the release and the equities of the parties," and "we do not think it would be a proper exercise of discretion to deny the defendant an opportunity to establish the release and present the question whether it is in law a bar to the action."

In both of the actions brought by the plaintiff against the defendants the latter are named in the titles individually, and in the prayers for relief judgment is asked against them individually, though in the allegations of the complaint in action No. 2, which has been tried, claim is made that they were the agents or trustees of a syndicate of individuals, to whom no reference is made in the complaint in action No. 1, now pending. Under these circumstances, and under the authority of Purdy v. Manhattan R. Co., supra, this court, upon this motion, should not undertake to positively and finally determine, to the detriment of the defendants' rights upon the trial, that the judgment in the second action is not a bar to the plaintiff's claim in the first action, and deny to the defendants the right of presenting by proper pleading that question to the trial court, by which it may be fully heard

and determined. It·is true, as the plaintiff contends, that it was held in Diehl v. Beck, 61 App. Div. 570, 70 N. Y. Supp. 818, that a party asking leave to serve an amended or supplemental pleading must attach the proposed pleading to his moving papers, and that the order to show cause prays for the entry of an order permitting the defendants to serve a supplemental answer "substantially in the form of" that annexed to the moving papers; yet both the court upon this motion and the plaintiff are fully apprised of the supplemental pleading which the defendants desire to serve, since the moving affidavit alleges that Exhibit C, annexed to the moving papers, is a copy of the proposed supplemental answer which it is desired to serve, and not merely something substantially similar thereto. It appears to me that the application is not untimely; that it is not made to obtain delay, since the defendants themselves request that the case should retain its regular place upon the day calendar for trial; that it is not made in bad faith; and that the pleading proposed to be served is not manifestly frivolous.

Under these circumstances, in connection with the reasons above stated, the motion should be granted.