HARVEY *vs.* LANE.

A *receipt* taken by a constable for the delivery of property seized by him un-
der a *justice's attachment* is a valid instrument.

It is, however, a good defence to the *receiptor*, that the property has been ta-
ken from his possession by the *rightful owner*.

ERROR from the Oswego common pleas. Lane sued Har-
vey in a justice's court, and declared on a *receipt for property*
entrusted by him to the defendant, to be returned when called
for. He averred that he had demanded the property, and
that the defendant had refused to deliver it. The defendant
pleaded the general issue, and gave notice of various matters
that he would prove on the trial of the cause. On the trial
the following facts appeared: On the 23d October, 1832,
*Lane*, as a constable, by virtue of an *attachment* issued by a
justice of the peace, in favor of *John Jakway* against *John
Harvey*, seized certain goods and chattels as the property of
John Harvey, and upon that occasion *Elisha Harvey* (the now
plaintiff in error) executed a receipt to him, Lane, in which he
acknowledged to have received various articles of property,
particularly specified in the receipt, which he agreed to de-
liver when called for. On the 28th January, 1833, Jakway
recovered judgment in the attachment suit for $19,26 dam-
ages and costs; on which an execution was issued on the 8th
March, 1833, and delivered to Lane, who, on the twenty-fifth
of the same month demanded of *Elisha Harvey* the property
specified in the receipt which Harvey refused to deliver. The
plaintiff proved the value of the property, and rested. When
the plaintiff produced the *receipt* the defendant objected to its
being read in evidence, on the ground that a constable was
not authorized by law to take such an instrument, and that
therefore it was void ; the objection was overruled by the jus-
tice, and the receipt received in evidence. The defendant
proved the following facts : That on the 20th October, 1832,
he issued a *distress-warrant* for rent due to him from *John Har-
vey*, for premises belonging to him, occupied by *John Harvey*,
by which he directed his bailiff to distrain goods and chattels

to make the sum of $37,35; and made an *affidavit* of the amount of rent due, which was sworn to before a *justice of the peace,* and filed in the town-clerk's office on the 12th November, 1832; on the day of the issuing of the distress-warrant the identical property which was subsequently seized under the attachment was levied upon the bailiff, and sold by him on the 30th October, 1832. The defendant then offered to prove that the goods, at the time of the seizure under the *attachment,* were not the property of *John Harvey;* and that after the seizure, and previous to the demand made by the plaintiff for the delivery of the goods, *the rightful owner of the property took the goods from the defendant without his consent;* which evidence was objected to by the plaintiff as inadmissible, and excluded by the justice. The jury, under the charge of the justice, found a verdict for the plaintiff, for the amount of the execution in the case of Jackway, on which verdict the justice rendered judgment. The defendant removed the cause by *certiorari* into the Oswego common pleas, where the judgment of the justice being *affirmed,* the defendant sued out a writ of error.

*W. F. Allen,* for the plaintiff in error, insisted, *first,* that the evidence offered the defendant that the property was taken from him by a person having paramount title ought to have been received, and cited *Edson* v. *Weston,* 7 Cowen, 278; 2 Comyn on Cont. 340; Comyn's Dig. tit. Action on the Case for Misfeazance, a. 3. *Second.* That the receipt was unauthorized by law, and therefore void. Admitting that a constable, on *final process,* may take a receipt for property levied upon, he cannot do so for property seized under an *attachment,* because the execution consequent upon the attachment may go into the hands of another officer; because the statute directs that in cases of attachment the constable shall "attach, take into his custody and safely keep" the property; and because the form of the security varies from that prescribed by statute, which the constable may take, if he does not remove the goods. 2 R. S. 231, § 31, 32. 8 Johns. R. 98. 5 Wendell, 61.

*D. H. Marsh,* for defendant in error.

*By the Court*, NELSON, J. There is no valid objection to the taking of a *receipt* by a constable, for the delivery to him at a future day of property seized under an *attachment*. The statute, 2 R. S. 231, § 31, requires that the constable shall attach, take into his custody and safely keep the goods; but it would be very inconvenient, and often impracticable, for him personally to take the custody of property thus seized, and from necessity he must sometimes trust it to others. When he does so, it is still *in his custody* by intendment of law, and he is responsible for it in like manner and to the same extent as though he had it in his actual possession. There is nothing in the statute inhibiting the use of a *receiptor*, and convenience, and in many instances necessity, require that the practice should be sustained. The removal of the goods may be prevented by any person executing a bond with sufficient surety that they shall be forthcoming at a future day, 2 R. S. 231, § 32; but if such bond be not given, the constable must see that due care be taken of the property.

The defence under the distress for rent failed, for the defect of the affidavit of the amount of rent due; it was not taken before a proper officer, 9 Wendell, 340.

But the justice erred in rejecting the evidence that the property was taken from the *receiptor* by virtue of a paramount title. Such defence would have been available to the *officer*, and why should it not be to the *receiptor*, the possession of the goods in judgment of law being in the officer. To decide otherwise, in order to do justice, we must or should hold, that the party having the paramount title had no right to enforce it. The rights of the receiptor and of the constable in this aspect are identical; those of the former are at least as perfect as those of the latter. The principle upon which this defence rests is sound, and would have received the sanction of the court, had it not already been adjudged in the case of *Edson* v. *Weston*, 7 Cowen, 278, which is directly in point. It would be an extraordinary rule of law that would require the receiptor to defend the property against all the world (including the rightful owner) except the constable, when the latter had no title to it; and it would be equally strange to hold the constable accountable to the plaintiff in the execution or

ALBANY,
Oct. 1834.

Harvey
v.
Lane.

ALBANY,
Oct. 1834.

Boorman
v.
Johnston.

attachment, when the *rightful owner* had taken the property, and the process under which the officer had taken it would not hold it. It may well be doubted whether the receptor is responsible to the officer, to the same extent that the latter is to the plaintiff in the process. 7 Cowen, 278. 1 id. 234.

Judgment reversed.