## Acker *vs.* Burrall.

A *covenant* entered into by a third person, on receiving property levied upon by a sheriff, to deliver it to the sheriff on request or *pay the debt*, is a valid obligation within the statute declaring *void* all bonds, &c., taken by a sheriff or other officer by color of his office, in any case or manner other than provided by law.

The statute forbids only what is *illegal*, it vitiates securities taken for *ease and favor;* and does not render void securities *authorized* either by the *common law* or *statute.* Unless there is *duress* or *oppression* or *illegal exaction*, the security is good.

A levy upon partnership property, by virtue of an execution against one partner, cannot be alleged as *illegal* in bar to an action upon such covenant; especially where the other partner consented to such levy.

Demurrer to declaration. The plaintiff declared on a covenant executed by the defendant, whereby, after reciting that the plaintiff, as sheriff of the city and county of New York, had levied upon $8511 56 in bank bills, $300 in treasury notes and $150 in gold, by virtue of an execution in favor of John T. Smith *vs.* Horace Janes, and had on request left and permitted the same to remain in the possession of the now defendant Burrall, the defendant in consideration of the premises and of one dollar to him in hand paid, covenanted and agreed with the plaintiff to deliver to him the said property upon request; and in default thereof to pay and satisfy to the plaintiff the amount to be levied on the said execution and all fees and poundage thereon. The plaintiff assigned the non-delivery of the property upon request made, as a breach. The defendant pleaded, 1. That the goods and chattels specified in the declaration were not the property of *Horace Janes;* and 2. That *at the time of the levy* the defendant and Horace Janes were *copartners*, and that the goods and chattels levied upon were at the time of such levy the property of and belonging to the said copartnership, and that the defendant as such copartner, after the making of the covenant and before request to deliver property to the plaintiff, applied it to the uses and purposes of the copartnership. To these pleas the plaintiff demurred.

*S. Stevens*, in support of the demurrers, was stopped by he court.

*S. A. Foot*, for the defendant, contended that the covenant was void, as taken *colore officii*, contrary to the statute, which delares that "no sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner than such as are provided by law; and any such bond, obligation or security, taken otherwise than as herein directed shall be void." 2 R. S. 286, § 59. He admitted that under the former statute a *receipt* taken by a sheriff for property levied upon, had been held valid, and possibly it might be adjudged good under the present statute, as being neither a bond, obligation or security within the terms of the statute. He however urged that the intent of the statute was to declare void all securities taken in any other case or manner than such as are provided by law. No provision is made by law even for the taking of a receipt; and if the statute should operate inconveniently, the legislature only are responsible. The language of the act is clear and explicit, and the court cannot make any exceptions. That this statute is much broader, both as to subject matter and persons, is stated by Mr. Justice Cowen, in 19 Wendell, 191. If it should be conceded that a *receipt* taken would be held valid, it did not follow that a *covenant* like that in question would be adjudged good; the engagement of the *receiptor* is to deliver up the property or *pay its value*, whereas the alternative here is to *pay the debt*—the amount to be levied on the execution. The debt might greatly exceed the value of the property, and thus the officer might abuse the power he possessed. This was an evil which the statute was calculated to prevent, and the *covenant* should therefore be adjudged void. He also insisted that the *first plea*, which alleged that the goods and chattels were not the property of Horace Janes, was good. The sheriff is authorized to levy upon gold, coin and bank bills *belonging* to the defendant in an execution. 2 R. S. 366, § 18, 19. Here the demurrer admits the property did not belong to him. Had the defendant been a *receiptor* and

Acker v. Burrall.

the property taken from him by paramount title, such fact would have created a bar to a recovery against him. 13 Mass. R. 224. Story on Bailment, 98. 16 Wendell, 335. The second plea also, he urged, constituted a perfect defence. On an execution against one partner, the other partner cannot be deprived of the possession of the partnership property; if any interest in the partnership property can be sold under an execution against one partner, it is only his equitable interest. 16 Johns. R. 102, n. 15 Vesey, 559. 1 Wendell, 311. 12 id. 131.

*By the Court,* Cowen, J. The pleas are clearly bad. The first plea does not deny that the money levied on was Janes' *at the time of the levy.* It simply says, it was not his, without saying *when.* The second plea admits that he was a joint owner, and *non constat* by this plea, but that, as partner, he might have owned the whole property except a common interest of a few cents in the defendant. But a decisive answer to both pleas, is that the defendant is estopped by his covenant to deny the plaintiff's property; at least, till he has been evicted by title paramount in some third person.

The covenant is valid. It comes neither within the words nor the spirit of the statute cited. That forbids only *what is illegal.* The object was, like the old statute of 23 Hen. 6, ch. 10, against securities taken for ease and favor, to make the whole void where a part was so; not to disallow securities which officers were authorized to take either by the common law or statute. The right which a levying officer has, to take a covenant like this, where he thinks he can do so with safety, is not only well established by authority and practice, *Beaufage's case,* 10 Coke, 99, *Hoyt* v. *Hudson,* 12 Johns. R. 207, but the provision of the law is, in this respect, a very humane one.

That the sheriff acted illegally in levying on partnership property under *fi. fa.* against one of the partners, especially where the co-partner of the defendant in the execution consented, as in this case, cannot be admitted for a moment.

No want of. consideration, no duress, no oppressive or improper conduct on the part of the sheriff, by which the defendant was drawn into this covenant, is pretended by either of the pleas.

There must be judgment for the plaintiff; and the pleas are so obviously defective, that leave to amend is denied.