Bronson, J. dissenting.
The only question of any importance in the cause, is that which arises upon the defendant’s offer to prove that he was the owner of the property. The court below rejected the evidence, and gave to the receipt the force of a technical estoppel. Upon this offer and rejection of evidence it must be taken for granted that the defendant was in truth the owner of the property ■ and the question then is, whether he has done any act by which he has lost or forfeited his right to the goods. And here it is important to notice that the question of estoppel stands wholly on the receipt; for it does not appear .whether the defendant did or did not claim that he was *221 the owner of the property at the time the levy was made. The plaintiff made out his case by producing the judgment and execution, with his own return of a levy endorsed on the execution,' and by proving the defendant’s handwriting to the receipt. The business may have been transacted when no witness was present; but whether so or not, we have nothing but the facts which have already been mentioned. I repeat, therefore, that the question stands on the receipt alone ; and that cannot conclude the defendant, because it does not necessarily amount to an admission that he did not own the property, or that it belonged to the defendants in the execution. The receipt is entirely consistent with the supposition that the defendant told the officer, at the time, that he was the owner of the property, and that he only consented to receipt it for the purpose of avoiding the inconvenience, either to himself or his friend, of having it immediately removed. Nearly a month was to elapse before the constable proposed to sell, and the use of the goods in the meantime might be a matter of considerable importance to the defendant. Although he was owner, he may not have thought it prudent to resist the officer ; and agreeing to deliver the goods at a future day was not inconsistent with his claim of title.
Technical estoppels, which conclude the party from showing the truth, are, for the most part, by deed or by matter of record. But there are other less solemn acts and admissions which may have the force of concluding the party, and are said to operate as estoppels in pais. When a party, either by his declaration or conduct, has induced a third person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission, if the consequence would be to work an injury to such third person, or to some one claiming under him. But as this doctrine may have the effect of shutting out the truth, and as the evidence upon which the estoppel arises is not always of the most satisfactory character, too much care cannot be taken in the administration of the rule to see.that it is not allowed to work injustice. Before the party *222 is concluded, it must appear, 1. That he has made an admission which is clearly inconsistent with the evidence he proposes to give, or the title or claim which he proposes to set up ; 2. That the other party has acted upon the admission; and 3. That he will be injured by allowing the truth of the admission to be disproved. The doctrine was well stated by my brother Nelson, in the Welland Canal Company v. Hathaway, (8 Wend. 483.) His words are : “As a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter.” He added, that the acts and admissions of the party opérate against him in the nature of an estoppel, u where, in good conscience and honest dealing he ought not to be permitted to gainsay them.” (See also Cowen & Hill's Notes to Phil. Ev. 200.) It will be found on looking into the books, that the learned judge did not lay down the rule with too much caution, or with too many limitations. I shall only refer to a few of the cases ; but they will, for the most part, be such as tend most strongly to support the decision of the court below.
In The Presb. Cong, of Salem v. Williams, (9 Wend. 147,) the tenant declared that the property on the demised premises did not belong to him, and that it was moreover such as was exempt by law from distress. The landlord thereupon brought ejectment for the purpose of re-entering for the non-payment of rent. The defendant attempted to defeat the action by showing, that there was sufficient property on the premises liable to distress to countervail the rent; but he was held to be estopped by his admission. Sutherland, J. said, “ the plaintiffs had a right to rely upon it, and the defendant ought not to be permitted to defeat the plaintiffs’ action, by showing that what he then said was false, and thereby reap an advantage from his own wrong and falsehood.” It will be observed, that the evidence which the defendant proposed to give was in direct contradiction to his prior admission; that the plaintiffs *223 had been influenced by, and had acted upon, the admission; and that they would be injured by allowing the defendant to gainsay it. The same features will be found in the case of Stonard v. Dunkin, (2 Campb. 344.) One Knight gave the plaintiff an order on the defendants, who were warehousemen, for a quantity of malt which they had in store. The defendants gave a written acknowledgment that they held the malt on the plaintiff’s account, and the plaintiff advanced ¿67500 to Knight, for which the malt was to be a security. In trover for the malt, the defendants were held to be concluded by their acknowledgment from denying the plaintiff’s title to the property. Chapman v. Searle, (3 Pick. 38,) was much like the last case in its circumstances, and the court asserted the same principle. In Hollister v. Johnson, (4 Wend. 639,) it was held to be the duty of a constable, on an execution from a justice’s court, to search for property before he takes the body of the defendant. But Sutherland, J. said, that was not always necessary. “ Where the defendant in (he execution declares that he has no property, he has no right to complain if the constable credits his assertion and acts accordingly.” Although this remark was not necessary to the decision of the cause, I fully concur in the principle. In Stephens v. Baird, (9 Cowen, 274,) the constable came with an execution against Benedict, and Stephens pointed out to the officer a quantity of lumber, one fifth part of which he said belonged to Benedict. The constable made a levy, and Stephens receipted the property. It was afterwards sold under the execution, and Baird became the purchaser—Stevens standing by at the sale and giving no notice of his claim to the whole of the property. In an action between Stephens and the purchaser, it was held that the former was concluded from denying that Benedict owned one fifth part of the lumber. Here, again, it will seen that Stephens proposed to prove a fact which was in direct contradiction to his former admission; that the constable had acted upon the admission; and that a bona fide purchaser was to suffer if Stephens was now permitted to set up a claim to the whole of the property. *224 In Pickard v. Sears, (6 Adolph. & Ellis, 469,) the doctrine was thus laid down by Lord Denman : “ The rule of law is clear, that where one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.” The effect of allowing the party to' contradict his admission in that case, would have been to defeat the title of a bona fide purchaser. In Gregg v. Wells, (10 Adolph, & Ellis, 90,) it was held, that if the owner of goods stand by and voluntarily allow another to treat them as his own, by which means a third person is induced to purchase them bona fide, the former cannot recover them from the purchaser. Lord Denman thought the principle of Pickard v. Sears might be stated even more broadly than it was there laid down. He said : “ A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterwards dispute that fact in an action against the person whom he has himself assisted in deceiving.” In Demyer v. Souzer, (6 Wend. 436,) the defendant took possession and had the services of a slave, under a claim and belief that he was the owner by virtue of the will of his wife’s mother; and the plaintiff stood by, knowing all the facts, without asserting any title to the slave. When the plaintiff after-wards brought assumpsit to recover for the services of the slave, and set up a paramount title, it was held that there was no ground for implying a promise by the defendant to pay the plaintiff for the services. It was not a question of estoppel.
The conduct or admission which concludes a party must be plainly inconsistent and irreconcilable with the right which he afterwards sets up. “ Every estoppel,” says Lord Coke, u because it concludeth a man to allege the truth, must be certain to every intent, and not to be taken by argument or inference.” (Co. Lilt. 352, b.) If the act can be referred to an honest and proper motive, the party will not be concluded, although upon *225 one construction his conduct may be inconsistent with the right which he afterwards sets up. (Heane v. Rogers, 9 Barn. & Cress. 577.)
So, too, the admission, however unequivocal it may be, will not operate as an estoppel unless the other party has acted upon it; and then it will only be conclusive in favor of the party who has so acted, and persons claiming under him, and not in favor of a stranger. (Heane v. Rogers ; 9 Barn. 8p Cress. 577 ; Wallis v. Truesdell, 6 Pick. 455.) In the last case, the plaintiff’s property was taken by attachment, he declaring that it did not belong to him ; and he forbade the sale, saying the property belonged to a third person. But as the other party did not act upon the admission, but took and sold the property, it was held that the plaintiff was not estopped from asserting his title. Wilde, J. said, “ if these declarations had been acted on by the other party, and thereby the plaintiff had acquired some advantages, or the defendants had sustained damages, it would have been otherwise. But the case shows that the admissions of the plaintiff, although made to influence the conduct of the defendants, did not in fact influence them, and that they did not act on those admissions.”
Estoppels by deed or by matter of record sometimes conclude the party without any reference to the moral qualities of his conduct. But estoppels of the kind we are considering are never allowed to operate in that manner. The party is only concluded against showing the truth, or asserting his legal right, when that would have the effect of doing a wrong through his means to some third person. In the language of Nelson, J. in The Welland, Canal Company v. Hathaway, he is estopped <c where in good conscience and honest dealing he ought not to be permitted to gainsay” his admission. It is a question of ethics.
If we apply these principles to the facts before us, it will, I think, be found that there is no estoppel in the case. It does not appear that the defendant has done any act or made any admission which stands in plain contradiction to the right which *226 he proposed to set up on the trial. It was not shown that the defendant had ever said the property belonged to the defendants in the execution, or that he even stood silently by and saw the goods taken as their property without asserting his claim. The plaintiff asks us to infer these facts from the receipt. But that cannot be done, for the reason that the receipt is not at all inconsistent with the supposition that the defendant claimed the property at the time of the levy 3 and it is never proper to presume any thing against the title of a party, from the proof of a fact which is entirely consistent with his title. And besides, facts are not to be presumed for the purpose of building upon them an estoppel which is to shut out the truth. We have already seen upon authority, what is quite obvious upon principle, that an estoppel must be certain, and is not to be made out by argument and inference. It is no answer to say, the defendant might have proved that he claimed the property at the time of the levy. It lies on the party who sets up an estoppel to make out the facts on which the estoppel rests.
We have not been referred to any case which holds that the receipt can have the conclusive effect that is here claimed for it, nor have I met with any such authority. In Acker v. Burrall, (21 Wend. 605,) it was said that the defendant was es-topped by his covenant to deny the plaintiff’s property 3 but that point was not necessary to the decision of the cause, as the pleas were held bad upon other grounds 5 and when the case afterwards came before the court of errors, (23 Wend. 606,) the judgment was affirmed without taking any notice of the supposed estoppel. I may add, that the question there arose upon a deed, which may make a technical estoppel, wdiile here we have nothing but an ordinary receipt. In Stephens v. Baird, (9 Cowen, 274,) the receipt was not treated as a matter of any moment whatever, in reference to the question of estoppel. The party was held concluded from asserting his title, because he had pointed out the lumber to the officer as the property of the execution debtor, and stood by at the sale without giving any notice of his claim to the purchaser. In Harvey v. *227 Lane, (12 Wend. 563,) it was taken for granted that the receiptor might set up a title in himself, but that branch of the defence failed on account of a defect in the defendant’s proceedings.
If this judgment is affirmed, we shall have a new application of the doctrine of estoppels in pais, and one which will be likely to prove a snare to honest and unsuspecting parties.
Judgment affirmed.(a)

 In Burskey v. Hamilton, (15 Pick. 40,) assumpsit was brought on an accountable receipt taken by an officer, in these words: “Jan. 11,1832. Then received of John Bursley (the officer) the following goods, &c., which were this day attached by said Bursley as the property of Isaiah Nye (the attachment debtor,) &c.; which goods and chattels I promise to deliver said Bursley on demand," &c. The receiptor at the time of the attachment owned the goods, and so told the officer. Yet held, that he was estopped from setting up his title by way of bar to the action; though, under the circumstances, he might do so in mitigation of damages. In a previous case in the same court, where a similar receipt had been given, and the officer duly apprised at the time of the receiptor’s claim of title: Held, that after the goods had been re-delivered pursuant to the receiptor’s undertaking, he might immediately turn round and recover them from the officer; and that in such action the receipt and re-delivery, though strong evidence against the receiptor’s title, could not be used by way of estoppel. (Johns v. Church, 12 Pick. 557.) The court proceeded upon the ground that the contract contained in the receipt had been performed, and the estoppel ought not to extend beyond the terms and duration of the contract. (Id. 561; and see Bursley v. Hamilton, supra.) Further as to the general doctrine on this subject, see Morrison v. Blodgett, (8 N. Hamp. R. 238.)