GEROTHMAN W. CORNELL, Sheriff, &c., Respondent, v. JAMES F. DAKIN, Appellant.

*Contract—Receipt for Property levied on by Sheriff—Validity*

Where a third party receipts property levied upon by the Sheriff, and thereby undertakes to return the same, and every part thereof, to the Sheriff, on demand, or to pay the judgment and Sheriff's fees, when sued for the amount of such judgment and fees, he cannot be permitted to prove on trial, that the property receipted was not the property of the judgment debtor, or was of small value.

The contract of receipt agreeing to return the property levied upon, or pay the judgment, is a valid and binding contract.

THE Plaintiff sought to recover the amount of two executions, which came into his hands as sheriff of Rensselaer county, September 17, 1859, against Francis Davis; one for $713.60, and interest from June 17, 1859; and the other for $783.25, and interest from June 17, 1859. These executions were levied on one rosewood piano, one piano-stool, and one looking-glass, on the premises of Burrows Cure, where Cure resided, and where Davis did not reside, September 19, 1859. The sheriff, in the presence of Cure, who claimed the property at the time it was levied on, took a receipt from the Defendant herein, in the words following:

"Supreme Court. Joseph Horner v. Francis Davis. Execution for $783.25, and interest from June 17, 1859.

"Supreme Court. Robert F. Wilde v. Francis Davis. Execution for $783.60, and interest from June 17, 1859.

"The above executions were received by me, September 17, 1859, for execution. I have levied upon the following property, upon the premises of Burrows Cure, No. 10, North Third street, Troy, and in his possession, under said execution, to wit: One rosewood Chickering piano; one piano-stool; one gilt round glass.

"G. W. CORNELL,
"*Sheriff of Rensselaer County.*"

" I hereby acknowledge that I have received the above described property, so levied upon by the sheriff of Rensselaer county, from said sheriff, and hereby promise and undertake to return the same, and every part thereof, to the sheriff, on demand, or pay the above judgments, and sheriff's fees.

" JAMES F. DAKIN.

" Dated Troy, September 19, 1859."

The sheriff demanded the property mentioned in the receipt of the Defendant, September 26, 1859, and the Defendant refused to deliver it up, stating that he was indemnified by Cure. When the Plaintiff rested, the Defendant moved for a nonsuit, on the ground that the receipt was not such as the Plaintiff, as sheriff, had a right to take, which motion was denied, and the Defendant excepted. The Defendant, personally, never took the actual possession of the property, but it was relinquished by the sheriff, to him or his agent, on the occasion of executing the receipt, and the Defendant informed the sheriff, when he demanded the property, that Cure claimed that the property was his.

After proving this state of facts, the Court refused to permit Defendant to show the following state of facts : First, that the property levied on was worth not to exceed $250. Second, that the witness Cure was, at the time of the levy, the sole owner of this property, and Davis, the Defendant in the execution, had no interest in the property whatever. Third, that the sheriff was informed of the matters secondly named, before the taking of the receipt. Fourth, that the receipt was executed at the request of Cure, the owner. Fifth, that, the Defendant never having had possession in fact, Cure, the real owner, refused to give the Defendant possession. Sixth, that Francis Davis, the Defendant in the execution, at the time of giving the receipt, had no property whatever wherewith to satisfy any portion of the executions in the sheriff's hands, and that the sheriff knew the fact at the time the receipt was given.

The evidence here closed, and the Court thereupon rendered judgment in favor of the Plaintiff, and against the Defendant, for

$1,807.06 (the amount due on the executions), and the costs of suit. Judgment was accordingly perfected for that sum, which was affirmed at the General Term, and the Defendant appeals to this Court.

Upon the argument here, the Defendant's counsel makes the suggestion, that, pending the appeal in this Court, the Defendant has obtained a discharge in bankruptcy, in the United States District Court, under the act of Congress of 1867, and presents the original order of discharge. Thereupon he, first, objects to the argument of the cause, by reason of such discharge; and second, asks, in case the Court shall decide to hear the argument, and shall be of opinion that the judgment should be affirmed, that the Court direct the order of affirmance to be so entered as to protect the Defendant from the liability of having the judgment collected out of his property, or give him leave to apply to the Supreme Court for such relief as that Court may deem him entitled to, by reason of his discharge.

*M. I. Townsend* for the Appellant.
*W. A. Beach* for the Respondent.

DWIGHT, J.—The suggestion of the bankrupt's discharge can have no effect here. Such discharge cannot be considered as a bar to an action, in any stage, without being pleaded; and, if obtained too late to be pleaded, either originally, or by amendment, the remedy, it seems, is by motion for perpetual stay of execution. (Palmer *v.* Hutchins, 1 Cow. 42; Baker *v.* Taylor, id. 165.)

The questions in this case arise upon the denial of the Defendant's motion for a nonsuit, and upon the rulings of the Court upon his several offers of evidence. A nonsuit was asked for, on the ground, that the receipt given by the Defendant was void, under the provisions of the Revised Statutes relative to the powers and duties of certain judicial officers (R. S., Part III., Chap. III., Title II., Art. 2; Edm. ed., Vol. 2, p. 296, § 59) as being colore officii, and not authorized by law. But it was long since settled, that it was only *illegal* acts, done by color of office, which were de-

clared void by this statute, and that the right of the sheriff to take such a receipt for property levied upon, was well established at common law. (Acker *v.* Burrall, 21 Wend. 605; Same case in Court of Errors, 23 id. 606.) In that case, a covenant by the receiptor to return the property on request, *or pay the debt,* was upheld and enforced.

There can be no doubt, that the motion for a nonsuit was properly denied. The case of the Appellant rests, therefore, upon his offers of evidence which were refused by the Court. And, first, on his offer to show that the property receipted for was not the property of the execution debtor, but that of the witness Cure, in whose possession it was found; and that the sheriff was informed of the fact when the levy was made. In refusing to admit evidence of these facts, the Court was certainly sustained by the amplest authority. In Acker *v.* Burrall (supra), Cowen, J., says: "The Defendant is estopped by his covenant to deny the Plaintiff's property; at least till he has been evicted by title paramount in some third person." In Dezell *v.* Odell (3 Hill, 215) the same rule is maintained, though the Court, by Cowen, J., say: "It may be conceded, that, had the Defendant's claim been interposed at the time of the levy, and had he signed the receipt, in terms, without prejudice to his right, the question would have been open." But, in the People *v.* Reeder (25 N. Y. 302), where the offer was to show that the receiptor, at the time of the levy, and again at the time of giving the receipt, protested that the property was his, the Court, by Denio, Ch.J., say: "No point is better settled, than that a party, giving a receipt for property seized by an officer, upon an execution or an attachment, is estopped from setting up against the officer that the property is his own."

Counsel for the Appellant seeks to distinguish the present case from either of the foregoing, and to relieve it from the effect of those decisions by the circumstance that here was the offer to prove the additional fact, that, at the time of the giving of the receipt, the execution debtor had no property whatever wherewith to satisfy any portion of the execution, and that the sheriff knew that fact when he took the receipt.

They urge that the ground upon which an estoppel was had in the foregoing and other similar decisions was, that, by the covenant or undertaking of the receiptor, the sheriff was induced to rely upon the levy already made, and prevented from seeking other property of the debtor, out of which to make this money he was required to collect. Whereas, were the fact such as indicated by the additional offer in this case, viz., that the debtor had no property whatever, upon which the executions could have been levied, no injury could have been done to the sheriff or the judgment creditors by inducing them to omit to look for other property. But the offer to prove that the debtor had no property seems to me to be unavailing, and the evidence to have been properly rejected. First, the offer related only to the time of the levy and the giving of the receipt. That occurred on the third day after the issue of the executions, and there were yet fifty-seven days of the lifetime of the writs, during which the debtor might have acquired property upon which a levy might have been made, had not the sheriff relied upon the undertaking of the Defendant; and, second, whatever the effect of the evidence offered might have been, it was properly excluded, because there was no allegation in the answer to support it.

The question whether the execution debtor had any property whatever, out of which these executions might have been satisfied, if a material issue, was one of which the Plaintiff must have notice before he could be called upon to meet it. This evidence, in any view of the case, was therefore properly excluded, and the Defendant cannot avail himself of the offer to take the case out of the rule laid down in the decisions above cited.

The only remaining offer of evidence which requires to be examined, and that upon which the Defendant chiefly relies, is the offer to prove that the property receipted for was worth only the sum of $250. And here, as before, I am constrained to conclude that the evidence offered was properly excluded. The contract was to return the property or pay the executions. It was founded upon a sufficient consideration, viz., the surrender of the property levied upon to Cure. It was without ambiguity. There is no

allegation or suggestion of fraud, mistake or duress. The Defendant must be supposed to have made it voluntarily, with his eyes open, with full knowledge of its meaning and effect. I know of no principle upon which he can be relieved from the liability to respond according to the plain terms of his contract.

Whatever the proof might have been as to the actual value of the property, the parties must be presumed to have estimated it at the time of the contract, at the full amount of the executions. The sheriff was, therefore, justified in making no further effort to find the property of the judgment debtor, and he became at once responsible to the judgment creditors for the full amount of the executions.

In Browning *v.* Hanford, in the Court of Errors (5 Denio, 586), the sheriff was sued for not collecting an execution. He proved that the property levied upon was casually destroyed by fire after the levy, and that, before the fire, he had taken a receipt for the property, in which the receiptor had agreed to return it on demand, or pay the execution and costs; and that the receiptor was of sufficient ability to respond to his undertaking. The Court of Errors held that the facts alleged were no excuse to the sheriff, but that he was liable for the full amount of the execution unless the property were destroyed by act of God or of the public enemy. The decision was just upon the ground that the liability of the sheriff should be as broad as that of the receiptor to him, and the liability of the receiptor to the sheriff was considered to be absolute and dischargeable only by act of God or the public enemy.

It is unnecessary to inquire what would have been the measure of the Defendant's liability had he failed to return only a portion of the property receipted for. That state of facts might have presented a question of some difficulty which does not arise here. In this case the receiptor returned no portion of the property, but leaves it in the possession of the person at whose request the receipt was given and by whom he declares himself indemnified, and awaits the action of the sheriff. I cannot doubt that he was liable according to the terms of his contract. Here was no case

of a penalty nor of liquidated damages; it was clearly a contract to indemnify the sheriff for surrendering a levy upon property which was estimated to .be of value sufficient to pay the executions levied. By taking such receipt the sheriff has been precluded from levying upon other property of the judgment debtor, and has become responsible to the judgment creditors for the amount of the executions levied. The Defendant cannot now be heard to allege that the property was of less value than the sum stipulated to be paid in case of its non-delivery.

The judgment must be affirmed.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.