PATRICK MURTAGH, Administrator of, etc., THOMAS
MURTAGH, Respondent, *v.* WILLIAM C. CONNER,
Sheriff of the City and County of New York, Appel-
lant.

*Agreement of judgment-debtor, to pay sheriff for keeper of goods levied upon —
validity of — meaning of words, "by color of office."*

Where a deputy sheriff levies upon the goods of the judgment-debtor, and the
latter, in order to prevent the closing of his store, agrees that a keeper shall
be employed, and that he will pay for his services, such agreement is, if in all
respects just and fair, a valid one, and capable of being enforced by the sheriff.
The words, "by color of his office," in the act prohibiting the taking of security
by the sheriff, includes only such acts as are evilly done by the countenance
·of an officer, and necessarily imply that the act is unlawful and unauthorized,
·and that the legal right to take the security is a mere color or pretence.

Appeal from a judgment in favor of the plaintiff, entered
upon the verdict of the jury, and from an order denying a motion
for a new trial, made upon the minutes of the justice before
whom the action was tried.

A levy was made by one of defendant's deputies upon a stock
of goods belonging to plaintiff's intestate, and this action was
brought to recover the balance of the proceeds arising from a sale
thereunder, after satisfying the judgment and all legal claims and
fees.

The answer admitted the levy and sale, and alleged that the
sheriff, after receiving the execution, and after the levy, and when
the said property was about to be removed by his deputy, was
requested by the defendant in the execution not to remove
the said goods, as it would break up his business, but to allow
them to remain upon his premises, and place a keeper in charge
of the same until such time as the judgment should be satisfied or
the goods sold to satisfy the same, and that he, the execution-
debtor, would pay the keeper's fees and all other expenses incurred
thereby ; that, acting upon such request, and solely in consequence
thereof, the sheriff permitted the said goods and chattels to
remain on the premises, and placed a keeper in charge of the
same for fifteen days and fifteen nights, and that the sale thereof

was postponed five times at the request of the execution defendant, in order to give him an opportunity to pay said judgment; that defendant employed an auctioneer to sell said goods at the request of the plaintiff Murtagh, and was compelled to, and did pay the fees of the said auctioneer, and claimed to recoup or offset these amounts paid by the sheriff to the person watching the goods and to the auctioneer, as by agreement with the execution-debtor, against the demand of the plaintiff.

*R. S. Green*, for the appellant. The agreement was not void as made *colore officii*. It is not an agreement to pay the officer for doing an illegal act. The act was one collateral to and consistent with his duty. (*Decker* v. *Judson*, 16 N. Y., 442; *Burrall* v. *Acker*, 23 Wend., 608; *Cornell* v. *Dakin*, 38 N. Y., 253.) Analogous cases support the validity of such agreements. (*Acker* v. *Burrall*, 23 Wend., 606; *Cornell* v. *Dakin*, 38 N. Y., 253; *Hilliard* v. *Austin*, 17 Barb., 141; *Capp* v. *Johnson*, 7 J. B. Moore, 518; *Stephens* v. *Rothwell*, 6 id., 338.)

*Theo. N. Melvin*, for the respondent. The refusal to charge the jury that they should allow the expense of a keeper, and the charge that the agreement was contrary to law, were both correct. The defendant's fees are fixed by statute, and those only are collectible. (5 R. S. [5th ed.], chap. 10, tit. 3, § 33, p. 924; 3 Edm., S. L., chap. 10, tit. 4, p. 669; *Crofut* v. *Brandt*, 58 N. Y., 106; *Lord* v. *Richmond*, 38 How., 173; *White* v. *Madison*, 26 N. Y., 127; *Lynch* v. *Meyers*, 3 Daly, 256; *Salina Bank* v. *Alvord*, 31 N. Y., 474; Comyn on Conts., 30.

DANIELS, J.:

An execution was issued to the defendant upon a judgment recovered against the plaintiff's intestate. A deputy of the defendant levied upon the stock of the judgment-debtor contained in a store where he carried on his business. This stock was afterward sold to satisfy the execution, and the sum of $161.03 was realized from the sale beyond what was required to satisfy the execution. To recover this amount was the purpose of this action; and, in part to defeat it, the defendant alleged and gave evidence

tending to establish the fact that it was agreed, at the instance of the judgment-debtor, with the deputy who held the execution, that he should not close the store of the debtor, which would produce a suspension of his business, but that he should employ a keeper to take charge of it, and that his compensation should be paid by the debtor. It was further shown that such keeper was employed, who kept the store open, and that his compensation amounted to the sum of $90, which was accordingly paid by the deputy. The court held this agreement to be void, and for that reason practically excluded this defense. It has been stated that this ruling was made on the authority of the cases of *Lord* v. *Richmond* (38 How., 173), and *Crofut* v. *Brandt* (58 N. Y., 106). But an examination of the opinions delivered in these cases discloses the fact that this point was neither presented nor decided in either of them. It was incidentally referred to in the latter, but expressly left undecided. At the same time two cases were alluded to, which might be considered as decisive in favor of the validity of such an agreement; these were the cases of *Stephens* v. *Rothwell* (6 J. B. Moore, 338), and *Capp* v. *Johnson* (7 id., 518); and so far as they consider this subject, they sustain the position that such an agreement may be lawfully made and enforced. It was not a service for which any fee or compensation was fixed or allowed by law, and for that reason it was not within the terms of the statute prohibiting sheriffs and other officers from receiving any other or greater fee or reward for such service, but such as is or shall be allowed by the laws of this State. (3 R. S. [5th ed.], 930, § 5.) This act extends no further than to prohibit the receiving of greater fees than those allowed by statute for the performance of official services in the cases where fees, or compensation for the service, has been or shall be prescribed. It has no application to such services as are not mentioned in the statute, and for which no fees or compensation has been designated, and as this was a service of that description, the prohibition of the statute did not include it. It has also been declared that no sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner, than such as are provided by law; and any such bond, obligation or security, taken otherwise than as herein directed, shall be void. (3 R. S. [5th ed.],

476, § 48.) This provision is expressed in broad and comprehensive terms, which, without qualification, might include agreements of this description; but they have been materially restrained in the construction and application of the phrase: " by color of his office." That has been construed to include only such acts as are evilly done by the countenance of an officer. It is always taken in the worse sense, being grounded upon corruption to which the office is as a mere shadow or color, taking a security by a public officer *virtuti officii*, implies that the act is lawful either by the common law or by the authority of some statute. But, taking it by color of his office, necessarily implies that the act is unlawful and unauthorized, and that the legal right to take it is a mere color or pretense. (*Burrall* v. *Acker*, 23 Wend., 606, 608; *Cornell* v. *Dakin*, 38 N. Y., 253, 256.) What the statute was intended to prevent was the taking of unlawful advantages in this respect by persons exercising official authority, and in that manner obtaining obligations or securities they were not entitled to exact. In a word, it was to prevent official oppression. And if it had been shown that the deputy made use of his authority to secure or obtain the agreement relied upon in this case, it would be clearly inoperative and void within this provision; but nothing of that kind was suggested or shown. It was not claimed that the deputy, by reason of his levy or authority under the execution, coerced the judgment-debtor into the making of the agreement relied upon as a defense. But, so far as the evidence extended, it was made voluntarily and for the convenience and at the suggestion of the debtor. It was deemed to be essential to his interest in the preservation of his business, and assented to by the officer for that reason. In that view it was not taken by him by color of his office, as those terms were used in the statute, and was not illegal or improper. The exercise of such power requires to be closely watched and carefully guarded, in order to prevent it from being made a device for the pecuniary oppression of persons who may be brought within the exercise of official authority; and that is as far as the Legislature have deemed it necessary to extend the statute upon the subject; beyond that it has left parties at liberty to enter into such arrangements as the safety or promotion of their interests may require; and that authority does not seem to have been transgressed in this instance.

The agreement did not include the fees of the auctioneer, and as they were to compensate a service which it was the duty of the officer himself to perform, they should have been disallowed at the trial; but of that no complaint has been made by the plaintiff, and its special consideration cannot, therefore, be required in the disposition of this case. As the agreement entered into for the compensation of the keeper was held to be unlawful, and the amount paid on that account was rejected, the issue in the case will require that another trial shall be had, and if the agreement shall again prove to have been entered into at the instance and for the convenience of the debtor, and not by color of the officer's authority over him, and it was in all respects just and fair, the amount expended under it ought to be allowed. The point whether the attachment became a lien upon the fund need not now be considered. For it may appear differently, from the fact already shown, upon another trial. The judgment and order should be reversed and a new trial ordered, with costs to abide the event,

POTTER, J., concurred.

Present — INGALLS, P. J., DANIELS and POTTER, JJ.

Judgment and order reversed; new trial ordered, with costs to abide event.