HARVEY S. ALMY et al., Appellants, *v.* HORACE K. THURBER et al., Respondents.

Defendants, in response to a demand by an officer holding an attachment for a certificate of the property and credits of the attachment debtors in their hands, delivered an account current showing a balance to the credit of said debtors. In an action by the attachment creditors wherein they sought to recover an amount in excess of the balance so shown, *held,* that the only essential part of the account was that showing the balance ; that while the items therein might be taken as admissions against defendants, they were not estopped thereby, but the same were open for explanation.

(Argued June 3, 1885; decided June 23, 1885.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made March 19, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought by Almy & Co., joined with Bowe, sheriff of the city and county of New York, as plaintiffs, pursuant to section 677 of the Code of Civil Procedure, to recover from defendants, members of the firm of H. K. & F. B. Thurber & Co., property in their possession attached by the

sheriff in an action by his co-plaintiffs against John Gomard & Co., of Curacao.

The attachment was served upon said defendants, Thurber & Co., on May 10, 1881, and a certificate as to property or moneys in their hands belonging to the debtors, J. Gomard & Co., was demanded from them pursuant to section 650 of the Code. On May 28, 1881, they delivered to the sheriff the following statement :

NEW YORK, *May* 28, 1881.
"Messrs. JOHN GOMARD & Co., Curacao,
"To H. K. & F. B. THURBER & Co., Dr.
"Importer and Wholesale Grocers, W. Broadway,
"Reade and Hudson streets.
"P. O. Box 3895.
"Cr. April 26. By cash.......................$2,003 63
"Dr. May 10. To cash.................$    20
" "   "  13. To mdse................1,882 48
                      ———— 1,882 68

                              $120 95
"(Signed)      . H. K. & F. B. THURBER & Co."

Plaintiff claimed to recover $2,003.43 as the cash certified to be on hand to the credit of the debtors, J. Gomard & Co., on May 10, 1881, when the attachment was levied. It was shown on the trial that on May 10, 1881, there was but $120.95 in the hands of defendants, Thurber & Co., to the credit of the debtors, J. Gomard & Co. The merchandise charged at $1,882.48 having been sold and delivered to the debtors by defendants some time prior to that date. The plaintiffs objected to such testimony, claiming that defendants were estopped from showing those facts by the statement delivered to the sheriff, because on receipt of such statement, the sheriff, relying thereon, made no further effort to find property subject to the attachment. The defendants contended that the statement alleged a balance of $120.95 only to be subject to the attachment. The court left it to the jury to say if the certificate was given for the purpose of certifying they had $120.95 in

their hands at the time of the levy. The jury found for the plaintiffs $120.95.

*Samuel Hand* for appellants. The defendants are estopped from now denying the statements set forth in the certificate, and which the case shows had such a controlling effect upon the conduct of the plaintiffs. (*Cornell* v. *Dakin*, 38 N. Y. 253; *Easton* v. *Goodwin*, 22 Minn. 426; *Dezell* v. *Odell*, 3 Hill, 215; *Clark* v. *Weaver*, 17 Hun, 481.) If a man so conducts himself, whether intentionally or not, that a reasonable person could infer that a certain state of things exists, and acts on that inference, he shall be afterward estopped from denying it. (*Blair* v. *Waite*, 69 N. Y. 113; *Continental Bk.* v. *Commonwealth Bk.*, 50 id. 575; *Boardman* v. *Reny*, 84 id. 157.) If a man has willfully made a false assertion calculated to lead others to act upon it, and they have done so to their prejudice, he is forbidden as against them to deny it. (*Rickerd* v. *Sears*, 6 A. & E. 469; *Cont. Bk.* v. *Comm. Bk.*, 50 N. Y. 575; Stephen's Dig., Ev., art. 105.) "Willfully" in this rule must be understood, if not that the party represents that to be true which he knows to be untrue, at least that he means his representation to be acted upon. (*Freeman* v. *Cooke*, 2 Exch. 663.) If a party uses language, which, in the ordinary course of business, and the general sense in which words are understood, conveys a certain meaning, he cannot afterward say he is not bound, if another, so understanding it, has acted upon it. (*Cornish* v. *Abington*, 4 H. & N. 549; *Welland Canal* v. *Hathaway*, 8 Wend. 480.) When an act produces conduct from which flows injury, it cannot matter whether that conduct be affirmative or negative, active or quiescent. (*Continental Nat'l Bk.* v. *Commonwealth Nat'l Bk.*, 50 N. Y. 575, 585, 586.) It was not necessary for plaintiffs to show that, had it not been for the certificate, they could have found other property of Gomard & Co. which they could have subjected to the attachment; it was enough that their position was altered by the certificate, and a consequent right to abstain from further search for the property. (*Voorhees* v. *Olmstead*, 66 N. Y. 113.)

*E. More* for respondents. Defendants are not estopped by the account rendered from showing that the balance on that date (May 28) was the balance on May 10. (Code, § 651; *Phillipsburgh Bk.* v. *Fulmer*, 31 N. J. [2 Vroom] 52 ; *Lewis* v. *Prenatt*, 24 Ind. 98 ; *Warder* v. *Baker*, 11 N. W. Rep. 342, 346–7.) It must appear affirmatively, or be a fair inference, that the plaintiffs were injured by the mistake to estop defendants. (*Winnegas* v. *Fowler*, 82 N. Y. 315 ; *Cont. Bk.* v. *Bk. of Comm.*, 50 id. 575 ; *Voorhis* v. *Olmstead*, 66 id. 117 ; *Duncan* v. *Berlin*, 5 Robt. 457 ; 11 Abb. [N. S.] 116, 118.)

DANFORTH, J. The defendants were asked for " a certificate of the property or credits of John Gomard & Co., in their hands on the 10th of May. They responded on the 28th of May by an account current, showing a credit balance of $120.95. It showed, also, the steps by which this balance was reached. These were not called for and might have been omitted. But still the only essential part of the account was that showing the balance, certifying that so much only belonged to or was the property of the debtors. The other items were admissions, and no doubt could, in a proper case, be used as evidence. They were, however, open to explanation, and the court went quite far enough in submitting to the jury the one given, instead of directing, as matter of law, that if there was any doubt upon the face of the paper, it was removed by the facts proven. They were not controverted and could lead to no other conclusion. The appellants rely chiefly on the doctrine of estoppel. There is no room for its application. The thing certified to was the sum due the debtor. The dates and items of the statement might suggest error in that amount and so lay the foundation for an examination of the parties giving it (Code, § 651), but nothing more.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.