LAX, Marshal of City of New York, v. PEIERLS et al.

(Supreme Court, Appellate Term, First Department.　June 3, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—GARNISHMENT—OPERATION AND EF-
FECT—TITLE TO PROPERTY.

　　Where a sheriff under Municipal Court Act (Laws 1902, c. 580) § 78,
relating to the levying of attachments on choses in action, etc., levied an
attachment upon a bank deposit of the debtor, all that was impounded
was the title and right of the debtor thereto.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429,
458;　Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—GARNISHMENT—LIABILITY OF GAR-
NISHEE—ESTOPPEL.

　　A bank, pursuant to Municipal Court Act (Laws 1902, c. 580) § 79 (Code
Civ. Proc. § 650), providing that, upon the application by a sheriff hold-
ing a warrant of attachment, etc., it must furnish to the sheriff a cer-
tificate specifying the amount, etc., of property held for defendant, cer-
tified that it had in its possession $291.97 to the credit of defendant, etc.
Held, that the giving of such certificate did not estop the bank from there-
after denying the title of such defendant to the money;　he having previ-
ously, without the knowledge of the bank, assigned it to a third party.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429,
458;　Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Robert Lax, Marshal of the City of New York, against
Seigfried Peierls and others, copartners doing business as Peierls,
Buehler & Co.　From a judgment for plaintiff, defendants appeal.　Re-
versed, and complaint dismissed.

Argued May term, 1914, before GUY, BIJUR, and PENDLE-
TON, JJ.

A. S. Gilbert, of New York City (Leon Lauterstein, of New York
City, of counsel), for appellants.

Lurie & Hoffman, of New York City (Herman I. Lurie, of New
York City, of counsel), for respondent.

BIJUR, J.　This appeal presents a single question of law.　Defend-
ants were bankers and had a credit on their books in favor of one of
their customers, the Consolidated Embroidery Works, when plaintiff,
as marshal, undertook to attach this credit in an action by a third per-
son against the Consolidated Embroidery Works under section 78 of
the Municipal Court Act (the substantial equivalent of section 649 of
the Code), and received from defendants a certificate pursuant to sec-
tion 79 of the act (similar to section 650 of the Code).　The certificate
read as follows:

　　"We hereby certify that we have in our possession $291.97 to the credit of
Consolidated Embroidery Works, * * * and we shall hold the same sub-
ject to the further order of the court."

It developed subsequently that the Consolidated Works had prior
to the attachment, but without notice to the defendants, assigned this
credit to another party.　After the attachment was levied, and as a re-

sult of certain legal proceedings (the details of which are not material), defendants paid the amount to such assignee. This suit was then brought under section 81 of the act to collect the debt attached.

[1] It is well settled that under this form of attachment, levied upon a chose in action, all that is impounded by the sheriff is the title or right of the owner thereto. See Warner v. Fourth Nat. Bank, 115 N. Y. 251, 22 N. E. 172; Simpson v. Jersey City Co., 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796.

[2] Plaintiff claims that defendants are estopped to deny the title of the Consolidated Works to the credit. I do not think that the giving of the certificate has such effect. Plaintiff cites a number of cases in which an estoppel is held to have arisen under comparatively similar circumstances, but, on examination, it will be discovered that in these cases the defendant is held to be estopped either to claim title in himself after he has given the sheriff a receipt for the further custody of physical property attached, or to deny that the full amount is due; he claiming that less is due than the amount for which he gave the certificate. See, for example, Cornell v. Dakin, 38 N. Y. 253, and Excelsior Co. v. Cosmopolitan Co., 154 N. Y. 772, 49 N. E. 1096, reversing the same case below on the dissenting opinion of Follett, J., reported in 80 Hun, 592, 597, 30 N. Y. Supp. 557. It is evident that in those cases the estoppel operated against the assertion by the defendants of a state of facts contrary to that recited in the certificate, in respect of matters necessarily within the personal knowledge of the person making the certificate. In the case at bar, the marshal must have known that the defendants did not and could not have personal knowledge that their creditor had not previously, without notice, assigned the claim. It would, I think, be unreasonable and contrary to the meaning of the act to assume that the person upon whom an attachment is served in this way warrants, as against the whole world, the title of his creditor. This is all the more true in view of the fact that the certificate is given in invitum. See sections 78 and 80. Moreover, the very language of this certificate, "209.97 to the credit of Consolidated Embroidery Works," emphasizes the view which I entertain. See, also, Almy v. Thurber, 12 Daly, 3, affirmed 99 N. Y. 407, 2 N. E. 49.

In my opinion, the certificate contains no statement of a fact so far as the ownership of the debt by the Consolidated Works is concerned, but only a statement of what is substantially an opinion. Consequently the doctrine of estoppel is inapplicable.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.