Howard S. Palmer et al., as Trustees of New York, New Haven and Hartford Railroad Company, Appellants, v. Larchmont Manor Company et al., Defendants, and Peter L. Flint et al., Respondents.

Argued October 2, 1940; decided November 26, 1940.

*Samuel W. Earnshaw* and *Edward R. Brumley* for appel-
lants.

*Seymour L. Colin* for respondents.

CONWAY, J. The plaintiffs in this action are trustees in reorganization of the property of The New York, New Haven and Hartford Railroad Company, debtor, in proceedings pending in the United States District Court for the District of Connecticut under section 77 of the National Bankruptcy Act (U. S. Code, tit. 11, § 205). The action was brought to compel the determination of a claim to real property pursuant to article 15 of the Real Property Law (Cons. Laws, ch. 50). The amended complaint was dismissed upon the ground that the courts of this State had no jurisdiction over the subject-matter of the litigation in view of the factual situation obtaining. This, we think, was correct.

Upon approval of the petition and upon entry of an order thereon, the bankruptcy court had exclusive jurisdiction of the debtor and its property wheresoever situated. (National Bankruptcy Act, § 77, subd. a [U. S. Code, tit. 11, § 205, subd. (a)].) The trustees took possession of the real property in suit following their appointment. That possession was similar to that of a trustee in an ordinary bankruptcy proceeding upon adjudication. (*Isaacs* v. *Hobbs Tie & Timber Co.*, 282 U. S. 734, 737; National Bankruptcy Act, § 77, subd. c, par. 2 [U. S. Code, tit. 11, § 205, subd. (b), par. (2)].) The trustees were powerless to confer, by bringing suit, jurisdiction upon our courts. (*Isaacs* v. *Hobbs Tie & Timber Co., supra.*) It is urged that the bankruptcy court could have consented to an adjudication of rights in this real property by our State courts upon proper application prior to the institution of the action. That, of course, is true, but such consent must be pleaded (*Cornell* v. *Dakin*, 38 N. Y. 253, 257) and no consent is pleaded here. It is urged, however, that, in fact, there exists such a consent. Bankruptcy proceedings in the Federal courts are not judicially noted in the State courts or, indeed, in any other than the initial court of bankruptcy. (See 23 C. J., p. 115 and cases cited.) In addition, when we read the alleged consent it is general and to be of efficacy in litigation such as this, it must be for a particular controversy. (*Thompson* v. *Magnolia Petroleum Co.*, 309 U. S. 478, 483.) Indeed, in that case, decided since the order below, the path to be taken by trustees such as plaintiffs and for bankruptcy courts in litigation involving unsettled questions of State property law was delineated. There it was said (at p. 483):

" Third. A court of bankruptcy has an exclusive and non-delegable control over the administration of an estate in its possession. *But the proper exercise of that control* may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to sub-mission to state courts of particular controversies involving unsettled questions of state property law and arising in the course of bankruptcy administration. And, under the

circumstances of this case, we conclude that it is desirable to have the litigation proceed in the state courts of Illinois. An order to the trustee to proceed in the Illinois courts for a decision on the ownership of the fee to the right of way lands will be comparable to one in which the bankruptcy court, preserving the *status quo* the while, orders a trustee to determine in a plenary state court suit the legal right to property alleged by the trustee to have been fraudulently transferred by the bankrupt. Decision with which the federal court of bankruptcy is here faced calls for interpretation of instruments of conveyance in accordance with Illinois law. Neither statutes nor decisions of Illinois have been pointed to which are clearly applicable. And the difficulties of determining just what should be the decision under the law of that state are persuasively indicated by the different results reached by the two Circuit Courts of Appeal that have attempted the determination. Unless the matter is referred to the state courts, upon subsequent decision by the Supreme Court of Illinois it may appear that rights in local property of parties to this proceeding have — by the accident of federal jurisdiction — been determined contrary to the law of the state which in such matters is supreme." (See, also, *Erie Railroad Co.* v. *Tompkins*, 304 U. S. 64.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Judgment affirmed.