■ MEYER A. KAHN et al., Respondents, v. DOROTHY ARCANGEL, Appellant, et al., Defendants.— Motion granted to the extent of vacating that portion of the order of this court entered January 15, 1965 as granted the motion of defendant-appellant, Dorothy Arcangel, to open the default judgment entered January 15, 1963 and matter remitted to Erie County Court for further proceedings in accordance with the memorandum. Stay contained in the order of March 20, 1965 (Williams, P. J.), continued until the further order of this court. Memorandum: Our order of January 15, 1965 in substance vacated a judgment of forecloseure and sale, opened the default of appellant, Dorothy Arcangel, and permitted her to interpose an answer. It was not revealed in the record then before us that the realty had been conveyed following the foreclosure sale to a third party (Angola Shopping Center, Inc.), the property substantially improved with the erection of a large shopping center thereon, a mortgage placed thereon, and the premises leased to another third party. The owner-mortgagor, the mortgagee, and the tenant now move for affirmative relief. In the exercise of a proper discretion in the light of these facts we conclude that so much of our prior order as granted the motion of appellant, Dorothy Arcangel, to open her default and permit the service of an answer should be vacated. We permit that portion of our order reversing the order of Erie County Court denying the motion to open the default to stand. We remit the action to that court for further proceedings as hereinafter stated. If the afore-mentioned third parties make application they should be permitted to intervene. There should be a prompt and summary hearing and redetermination of appellant's motion upon the facts then presented. The stay of all proceedings of the ejectment action commenced by appellant on March 2, 1965 should be continued subject to the further order of this court. Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ BUCKLEY PETROLEUM PRODUCTS, INC., et al., Appellants, v. JOSEPH SCHWARTZ et al., Respondents. (And Another Action.) — Motion to substitute trustee as party plaintiff denied with leave to renew upon proper papers, which must include appropriate authorization by Bankruptcy Court to substitute Bartle, the trustee of Markson, Bros., as party plaintiff and to continue the litigation in the State courts. (See *Palmer* v. *Larchmont Manor Co.,* 284 N. Y. 288.)